SHEBOYGAN COUNTY, Appellant, vs. GAFFRON, Respondent.

*April 27—May 24, 1910.*

*County superintendents: Term of office: Increase of salary.*

1. A county superintendent of schools, even though his jurisdiction be confined to a district less than the whole county, is a county officer whose term of office continues for two years and *until his successor is qualified,* and under sec. 694, Stats. (1898), his salary cannot be increased or diminished during such term.

2. Where, pursuant to ch. 307, Laws of 1903, changing the time for election of county superintendents, a superintendent continued in office for six months after the two years for which he was originally elected, such six months were part of his original term, and an increase of salary which had been voted by the county board during such two years had no application to such six month

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge.    *Reversed.*

*Edward Voigt,* district attorney, for the appellant.
*M. C. Mead,* for the respondent.

WINSLOW, C. J. Action to recover an alleged overpay-
ment of salary. The facts are simple. The defendant was
appointed county superintendent of schools for Sheboygan
county for the two-year term beginning on the first Monday
of January, 1903, the county board having previously fixed
the salary at $1,000 per annum. In November, 1904, the
county board fixed the salary at $1,200 per annum. The
defendant held office two years and six months; *i. e.* until
July, 1905. He was paid $600 for the last six months.
Was he entitled to that sum, or should he have been paid
$500 only? The circuit court decided that he was entitled
to $600, and the county appeals.

We think it clear that the trial court erred. The superin-
tendent of schools, even though his jurisdiction be confined
to a district and does not cover the whole county, is a
county officer, and his term of office, like that of other county
officers, continues for two years and until his successor is
qualified. Sec. 698, Stats. (1898). The salary of no
county officer can be increased or diminished during his
term of office. Sec. 694, Stats. (1898). The defendant
held office until July, 1905, because the legislature, by ch. 307
of the Laws of 1903, changed the time of electing county
superintendents from the fall to the spring, and provided
that the first superintendent elected under the new law should
be elected in April, 1905, and take his office the first Monday
in July following. This law also provided that the super-
intendent elected in 1902 should continue in office until the
last-named date, but this latter clause gave the defendant no
new term. It was entirely superfluous and accomplished
nothing. Under his original appointment his term ran until
his successor was qualified. The increase of salary voted by
the county board in November, 1904, had no application to

the last six months of his holding because that six months was a part of his original term of office and there could be no increase during his term.    Ch. 307 of the Laws of 1903 neither expressly nor impliedly repeals the provisions of sec. 694 preventing the change of salary during the term.

These considerations render it unnecessary to consider the question whether under the provisions of sec. 9 of art. XIII of the constitution the legislature had the power to extend the term of defendant's office.    *O'Connor v. Fond du Lac,* 109 Wis. 253, 85 N. W. 327.

*By the Court.*—Judgment reversed, and action remanded with directions to render judgment for the plaintiff according to the prayer of the complaint.