CHARLES P. SMITH, State Treasurer
In your letter of January 8, 1973, you state as follows:
"On July 27, 1972, I refused to authorize for payment a check for Dane County Judge Russell J. Mittelstadt. My reason for doing so was that, in my opinion, Judge Mittelstadt was not entitled to payment after he filed his nomination papers for partisan political office on July 11, 1972. My authority for this action is from Rule 3 of the Wisconsin Code of Judicial Ethics which states:
"`A judge shall not become a candidate for a federal, state, or local non-judicial elective office without first resigning his judgeship.'
"It is my opinion that Judge Mittelstadt, on July 11, 1972 became a candidate for a non-judicial elective office and thereby effectively resigned his judgeship.
"It is my understanding that on July 31, 1972 Judge Mittelstadt formally resigned his judicial position. It is also my understanding, according to Edwin M. Wilkie, Administrative Director of Courts, that the Code of Judicial Ethics has the `effect of law'. This makes my position quite clear, although Mr. Wilkie, in a letter dated August 2, 1972, states that, `It is my view that you are mistaken in your assumption, without apparent legal consultation, that a breach of Code of Judicial Ethics
operates as a resignation from judicial office.' *Page 36 
"Subsequent to my withholding the July check `due' Judge Mittelstadt, because of an oversight in the Bureau of Finance, Judge Mittelstadt did receive a check for the month of August, 1972. In a letter to him on September 13, 1972 I told him that, `I had previously stated that I felt you were entitled to compensation through July 11th plus accrued annual leave. You had previously stated that you were taking the month of August as earned vacation time. Therefore, I will consider the check you just received as just compensation for that time.'
"Regarding the above, there is an unresolved question as to whether or not elected officials are subject to statutory provisions relating to vacation, sick leave, etc. However, as a matter of practice and tradition, they have not observed the law in this respect, and consequently upon termination, have been paid only through the date of termination.
"Therefore, I am requesting you to render a formal opinion regarding:
"1) Entitlement of Judge Mittelstadt to judicial salary after July 11, 1972; and
"2) Entitlement of Judge Mittelstadt to accrued annual leave after his effective date of resignation whether it be July 11, 1972 or July 31, 1972."
In my opinion, former Judge Mittelstadt is entitled to his salary continuously to the effective date of his resignation.
County courts are statutory courts. The constitution did not create them nor require the legislature to do so. State ex rel.Sachtjen v. Festge (1964), 25 Wis.2d 128, 143.
Vacancies in public office, including county office, are governed by sec. 17.03, Wis. Stats. Among other events causing vacancies are resignations and removals. Sec. 17.03 (2) and (3), Stats. A county judge may be removed from office by address of both houses of the legislature. Sec. 17.09 (4), Stats. Also, an office is deemed vacant "On the happening of any other event which is declared by any special provision of law to create a vacancy." Sec. 17.03 (10), Stats.
I find no "special provision of law" applicable here. Your reliance upon the Wisconsin Code of Judicial Ethics is misplaced. *Page 37 
In the Appendix to Vol. 2, Wis. Stats. 1971, pages 18-22, there appears a "Code of Judicial Ethics as filed November 14, 1967." At 36 Wis.2d, 252-262a, there appears a matter entitled, "In re Promulgation of a Code of Judicial Ethics." At 52 Wis.2d, vii-xi, there further appears, "In the Matter of the Promulgation of the Code of Judicial Ethics" effective January 1, 1972. In the last cited reference, in a footnote to page ix, the Wisconsin Supreme Court noted that the sanctions of removal or suspension required constitutional amendment. There has been no amendment to the Wisconsin Constitution affecting these sanctions. Therefore, the only sanction imposable upon a judge, as such, who violates these rules is reprimand or censure. Even if the more severe sanctions were available, this code provides for notice by service of a verified complaint, an opportunity to answer and have a public hearing, appearance personally and by counsel and other safeguards. Because of the circumstances under which you have acted, I deem it necessary to emphasize that the withholding of this judicial officer's salary would not have been justified, even if the sanction of removal were imposable, unless and until all of the procedures called for in the Code had been exhausted and removal ordered by the Supreme Court.
In the absence of extraordinary circumstances, a fiscal officer who contemplates impoundment of the salary of a duly elected public official, who claims to be still holding his office, should seek and obtain competent legal advice on the matter before taking such action.
As I have indicated, former Judge Mittelstadt continued to hold office until the effective date of his resignation and accordingly is entitled to salary through that date. In ascertaining that effective date, I invite your attention to sec.253.06, Stats., which provides that the term of office of a county judge is six years and "until his successor is elected and qualifies." I also invite your attention to sec. 17.01 (13), Stats., which provides that resignations shall take effect "in the case of an officer whose term of office continues by law until his successor is chosen and qualifies, upon the qualification of his successor; * * *." The law abhors vacancies in public office and courts generally indulge in a strong presumption against a legislative intent to create such a condition. See 67 C.J.S. Officers, § 50a, page 207. Thus, it is my opinion that the effective date of the *Page 38 
resignation of former Judge Mittelstadt is the date his successor qualified for that office, and that former Judge Mittelstadt is entitled to the compensation attached to that office up to the date his successor qualified.
The office of county judge is an elective county office. See sec. 17.09 (4), Stats. You refer to no specific statute governing "vacation, sick leave, etc." for county officers and I am aware of none. Absent such a statute, the use or nonuse of such "leave" by county officers is a matter beyond the scope of this opinion.
RWW:JEA