RENEE J. SAMUELSON, Corporation Counsel Waushara County
1989 Wisconsin Act 171 created section 59.07(34g), Stats., giving the county board the authority to establish the term of service of a highway commissioner who is elected under section83.01(1)(a). It also amended section 83.01(2). Before amendment that law provided that upon election the county highway commissioner served until the first Monday in January of the second year succeeding the year of the election and "if reelected it shall be for a term of two years." 1989 Wisconsin Act 171 amended section 83.01(2) to provide "[u]nless the county board establishes a different term of service by ordinance . . . the . . . highway commissioner shall serve until the first Monday in January of the 2nd year succeeding the year of the election, and if reelected it shall be for a 2-year term." You ask whether the county board may provide that the commissioner's term is indefinite. I conclude that it may.
Unless a term of office is set by constitution, the Legislature may enlarge or restrict the term of office. The State and DeGuenther v. Douglas, 26 Wis. 428, 430-31, 7 A.R. 87 (1870). Because the office and tenure of the highway commissioner are "created by the legislature; they can be changed or abolished entirely by the legislature." State ex rel. Reuss v. Giessel,260 Wis. 524, 529, 51 N.W.2d 547 (1952); Moses v. Board of VeteransAffairs, 80 Wis.2d 411, 259 N.W.2d 102 (1977). There is no doubt that the Legislature has the authority to change the term of office of highway commissioner or to allow the county board to change the term of office of highway commissioner. The only question, therefore, is whether the Legislature intended to give the county *Page 47 
boards the option of making the highway commissioner's term indefinite.
The Legislature certainly recognizes the concept of an indefinite term. For example, subsections 17.07(4) and (5) concerning the removal of appointive state officers, discuss the removal of officers who have been appointed "for a fixed or indefinite term." Nothing in 1989 Wisconsin Act 171 indicates that the Legislature meant to preclude an indefinite term or meant to restrict its authorization to the county board in any way whatsoever. Under section 83.01(2), as amended by 1989 Wisconsin Act 171, the county board could provide a definite but very long term of office, for example thirty years, thereby effectively providing an indefinite term. I must conclude that the Legislature meant to allow the county board to set whatever term of office it chose; "[n]o sufficient reason presents itself why this intention should not have effect. . . ." Douglas,26 Wis. at 431.
Because the county board sets the term of office of highway commissioner under 1989 Wisconsin Act 171, it can change that term of office. Giessel, 260 Wis. at 529. Of course, the county board would also be able to remove the county highway commissioner under section 17.10(2).
The Legislature did not amend section 17.22 which determines how vacancies in appointive county offices are filled. Section17.22(1) provides: "[B]ut the term of any person appointed by the county board to fill a vacancy in the office of county highway commissioner shall terminate the first Monday of January of the second year next succeeding the appointment." The term of office set by county ordinance, therefore, would begin on the Tuesday following the first Monday of January of the second year next succeeding the appointment.
You also ask whether the nonstatutory provisions of 1989 Wisconsin Act 171 together with the county board's action has created a vacancy in the office of Waushara County Highway *Page 48 
Commissioner. That law states: "This act first applies to a term of service beginning after the expiration of a term of service to which a person was elected prior to the effective date of this Section." Under section 83.01(1)(a), if the county board fails to elect a highway commissioner, the county may not participate in state allotments for highways. If the law contains no contrary provisions, an officer is entitled to hold office until his or her successor is elected and qualified. State ex rel. Pluntz v.Johnson, 176 Wis. 107, 184 N.W. 683 (1921), vacated, 176 Wis. 112,186 N.W. 729 (1922); Sheboygan County v. Gaffron, 143 Wis. 124,126 N.W. 542 (1910). Expiration of a term of office does not create a vacancy under section 17.03. State ex rel. Thompson v.Gibson, 22 Wis.2d 275, 125 N.W.2d 636 (1964). The law abhors vacancies in public office and courts generally indulge in a strong presumption against a legislative intent to create such a condition. 62 Op. Att'y Gen. 35, 37 (1973).
There was no vacancy in the office of Waushara County Highway Commissioner because of the county board's actions. Section17.03(10) is not applicable because the county highway commissioner is an appointive, not an elective, office, even though the method of appointment is election by the county board. 61 Op. Att'y Gen. 116, 117-18 (1972).
JED:AL *Page 49