IN RE PROMULGATION OF A CODE OF JUDICIAL ETHICS.

*November 14, 1967.*

PER CURIAM. After submission of a resolution of the Board of Governors of the State Bar of Wisconsin urging the drafting and adoption of a Code of Judicial Ethics for Wisconsin, this court created a committee of nine to study the power of the court to promulgate a code of ethics for judges and the desirability of taking such action. The committee consisted of the following:

Circuit Judges: Andrew W. Parnell, Elmer W. Roller, Edwin M. Wilkie

County Judges: James H. Levi, Marvin C. Holz, Francis H. Wendt

[34] (1965), 65 Wash. 2d 640, 399 Pac. 2d 74. See also *Retail Clerks Local 629 v. Christiansen* (1965), 67 Wash. 2d 29, 406 Pac. 2d 327.

Attorneys: John A. Kluwin, John C. Whitney, Francis J. Wilcox

The committee selected its own chairman, Judge Andrew W. Parnell, and on May 28, 1965, it submitted its recommendations that the court had the power to promulgate a code of ethics and that such a code was desirable.

On October 17, 1966, the committee submitted a proposed Code of Judicial Ethics. After due notice a public hearing was held on September 12, 1967. There were appearances by members of the bench and bar in regard to the power of this court to promulgate any code and the desirability of adopting particular standards and rules. We need only to decide whether the court has the power to promulgate the particular code of ethics that accompanies this opinion.

We conclude that this court possesses such power and that the promulgation of a code of ethics is desirable. No doubt a code of ethics could contain provisions concerning matters of such a private nature and of such scope as to be beyond the ambit of the power of this court to promulgate. The proposed code, however, is well within the scope of our power. Moreover, we are not now concerned with the mechanics of the enforcement power and its exercise whether by this court, a commission, a court of the judiciary, or by any other agency.

At least twenty-three states have adopted a Code of Judicial Ethics by supreme court action, generally in the exercise of their recognized inherent and implied power of supervision over the courts, judges, and attorneys of the judicial system. This power has been considered generally to be as broad as is necessary for the administration of justice or as needed to protect the public or the state or a particular litigant. Our con-

stitution has expressly given this court superintending power over inferior courts.

In the *Integration of the Bar Cases,* especially those appearing in 249 Wis. 523, 25 N. W. 2d 500, and 273 Wis. 281, 77 N. W. 2d 602, we pointed out this court's inherent power to control and regulate the members of the bar as officers of the court to promote high standards of practice. In bar Rule 9 we adopted the canons of ethics of the American Bar Association as supplemented or modified by the pronouncements of this court as rules governing the members of the bar in their practice of the law. By Rule 10, section 5, we made it a duty of district grievance committees to receive complaints of improper conduct on the part of members of the judiciary within the district of the committee. This was all to the end that justice might be better served. As Mr. Chief Justice EDWARD G. RYAN of this court said in his famous speech to the law class of 1880, "Professional duty faithfully and well performed is the lawyer's glory. It is equally true of the bench as of the bar."

We hold this court has an inherent and an implied power as the supreme court, in the interest of the administration of justice, to formulate and establish the Code of Judicial Ethics accompanying this opinion. It governs judicial acts of a judge in his official capacity and certain personal conduct which interferes or appears to interfere with the proper performance of his judicial conduct. This power, inherent in the supremacy of the court and implied from its expressed constitutional grants of supervisory power, embraces all members of the judiciary including members of this court not only because they are lawyers but also because they are judicial officers in a court system constituting the judicial branch of the state government with a solemn duty to perform their judicial duties well.

We believe it is desirable that a Code of Judicial Ethics be adopted for Wisconsin judges. Although, as the committee on the proposed code reported, "The history of the Wisconsin judiciary demonstrates few, if any, problems of judicial misconduct," there is a need for standards and rules of conduct on the part of judges so that they will have prescribed guidelines for their conduct insofar as it affects the performance of their duties in the fair and impartial administration of justice. Accordingly, we herewith adopt the following Code of Judicial Ethics which varies in some important details from the code proposed by the committee. Moreover, ambiguities have been resolved. The code is divided into standards and rules, the standards being statements of what the general desirable level of conduct should be, the rules being particular canons, the violation of which shall subject an individual judge to sanctions. Comments are included with certain rules. Each is explanatory or an interpretation of the rule and is a part of the rule. Where provisions of the constitution or of statutes are more restrictive, they will apply.

The entire code, except for Rule 7, is effective January 1, 1968. Rule 7 is effective January 1, 1970. Because of possible hardship in its immediate application a reasonable period is provided for compliance with this rule. Provisions of the code apply to judges of all courts, except that Rules 4, 5, 6, 7 and 9 shall not apply to reserve judges and municipal justices who are part-time and who are expected to disqualify themselves in a particular matter if the rule would otherwise be applicable.

A committee will be appointed by the court to study and recommend the enforcement, organization and procedures, including possible constitutional and statutory changes and necessary implementing court rules.