IN RE HONORABLE CHARLES E. KADING, Judge of County Court, Branch No. 1, Jefferson County.

*No. 75–766. Argued October 18, 1976.—Decided November 30, 1976.*
(Also reported in 246 N. W. 2d 903.)

Briefs were filed in support of the Hon. Charles E. Kading by *Richard L. Cates, John H. Bowers* and *Lawton & Cates,* all of Madison, and Hon. Charles E. Kading, pro se, with oral argument by *Richard L. Cates.*

Briefs in response to brief of Judge Kading filed by his attorneys were filed by *Bronson C. La Follette,* attorney general, and *Betty R. Brown,* assistant attorney general, with oral argument by *Ms. Brown.*

*PER CURIAM.* This matter arises as a result of the refusal of Charles E. Kading, judge of the Jefferson County Court, to file a complete financial disclosure statement as required by Rule 17 of the Code of Judicial Ethics, 63 Wis.2d vii. This report was due to be filed with the Wisconsin Judicial Commission on March 15, 1976, reflecting Judge Kading's financial status as of Decem-

ber 31, 1975. On March 15, 1976, he filed a financial report providing all information required by Rule 17 except as to his assets. Instead, Judge Kading's report contained a statement of his reasons for refusing to disclose his assets.

Judge Kading also refused to file a report of his assets in 1975. This refusal was the subject of proceedings before the Judicial Commission and this court, *In re Hon. Charles E. Kading,* 70 Wis.2d 508, 235 N.W.2d 409, 238 N.W.2d 63, 239 N.W.2d 297 (1975). In those proceedings Judge Kading argued that Rule 17 was beyond the power of this court to adopt or enforce, was an unconstitutionally overbroad intrusion into a judge's private economic affairs, was a legislative act improperly taken by this court, improperly added an additional qualification to judicial office, and was fundamentally unfair and violative of due process.

We rejected those arguments and held "Rule 17 is valid in all respects as against the challenges made by Judge Kading and that he is obliged to comply with the provisions of Rule 17." 70 Wis.2d 533, 235 N.W.2d 420–21. In view of the challenges made to Rule 17, we concluded that Judge Kading should be given a reasonable time in which to comply, and we retained jurisdiction pending compliance or noncompliance.

Judge Kading filed a motion for rehearing raising the question of the sanctions that could be imposed for his failure to comply with Rule 17. We held that the available sanctions included reprimand and censure as provided in the Code of Judicial Ethics, 36 Wis.2d 252, 153 N.W.2d 873, 155 N.W.2d 565 (1967), and civil contempt both under this court's inherent power and under Chapter 295 of the Statutes. We stated, however, that failure to file the financial report due in 1975 would merit reprimand and censure but not civil contempt. Judge Kading did not file the report, and on March 1, 1976, we severely reprimanded him for his failure to do so.

We also specifically warned him that his failure to file the report due March 15, 1976, "may expose him to being held in contempt of this court." 70 Wis.2d 543f, 239 N.W.2d 297.

As stated above, Judge Kading did not file a complete report by March 15, 1976. The Judicial Commission on March 23, 1976, notified this court of Judge Kading's incomplete report. An order to show cause was issued by this court on April 15, 1976, directing Judge Kading to file a complete report by April 26, 1976, or show cause at a hearing on that date why he should not be held in contempt for his refusal to do so and an appropriate penalty imposed. Judge Kading did not file the report, and the hearing was held on April 26. At the conclusion of the hearing, we issued an order holding in abeyance the proceedings on the order to show cause and directed the Judicial Commission to conduct proceedings under the Rules of Procedure for the Commission, 57 Wis.2d vii, and to report back to the court.

A full hearing was held before the commission, and on August 2, 1976, the commission filed with this court findings of fact, conclusions of law, and recommendations. The commission found that Judge Kading violated Rule 17 and recommended that, censure having previously been ineffective in having Judge Kading comply with Rule 17, the Supreme Court take other appropriate action to insure compliance with Rule 17. Following this, a hearing before this court was scheduled on the order to show cause of April 15, 1976, and on the report and recommendations of the Judicial Commission. Judge Kading also filed on August 18, 1976, an appeal from the decision of the commission as authorized by its Rules of Procedure. The hearing was held October 18, 1976, on both the order to show cause and the appeal, with briefs and oral argument on behalf of the commission and Judge Kading.

Two briefs have been submitted on behalf of Judge Kading, one by his attorneys and one pro se. In his pro se brief, Judge Kading raises essentially the same arguments advanced on his behalf in the 1975 proceedings and rejected on the merits by this court. In the brief submitted by his counsel, he argues that: (1) his conduct is not contumacious because he is acting on the belief that his conduct is constitutionally correct; (2) the imposition of sanctions to insure compliance will be a removal or suspension from office and as such beyond the power of this court; (3) to find him in contempt and to impose a contempt sanction would be a violation of due process or ex post facto punishment.

As to his first claim, Judge Kading cites no case in support of the proposition that sincerity is relevant in determining whether a contempt has been committed by refusal to comply with a court rule or order. The general rule is to the contrary. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). Moreover, his constitutional arguments were made and ruled on adversely to him in the 1975 proceeding, and thus he cannot in 1976 claim good faith in refusing to file asserting similar objections.

The argument that the imposition of a contempt sanction would constitute a removal or suspension from office beyond the power of this Court is apparently based upon the statement made by Judge Kading at the hearing before the Judicial Commission that he would rather resign than comply with Rule 17. Clearly under those circumstances, it is Judge Kading who would be removing himself from office, not this court. In any event, we held in the earlier Kading case that sanctions short of removal are not barred when the exclusive power of removal was vested elsewhere. 70 Wis.2d 522–23, 235 N.W.2d 409, 415–16.

The due process and ex post facto claims both involve essentially the same point—that it is unfair to

apply Rule 17 to Judge Kading because he did not have prior notice of what the penalty would be for its violation. Specifically, he claims that because censure and reprimand are the only presently available penalties referred to in the Rules for Implementation of the Code of Judicial Ethics, 52 Wis.2d vii, the contempt power cannot be used until those rules are amended to include it. This argument must fail for several reasons. It ignores all of the prior proceedings involving Judge Kading's refusal to file a complete financial report in 1975 and in 1976. Certainly since February 23, 1976, when we expressly held in a published opinion that contempt was available as a sanction for a violation of the Code of Judicial Ethics, Judge Kading has had notice of the possibility of its use as applied to him. On March 1, 1976, he was told in the clearest terms in another published opinion that if he failed to file on March 15, 1976, the report for 1975, he could be held in contempt. On April 15, 1976, he was ordered to file the report or show cause why he should not be held in contempt. We consider this notice to be more than sufficient to comply with any due process requirement.

Judge Kading also fails to recognize that the use of the contempt power here, as in other civil contempt matters, is not to punish but to obtain compliance with Rule 17. Judge Kading can avoid even at this late date the imposition of any sanction whatsoever by complying with Rule 17. His objections based on the ex post facto prohibitions in the federal or state constitutions are, consequently, not valid.

One contention made only obliquely in the briefs but expressly in oral argument is that Judge Kading cannot be held in contempt because he has not violated any order of this court. This contention must be rejected for several reasons. First, the order to show cause issued herein on April 15, 1976, specifically ordered Judge Kading to file

a complete Rule 17 report. Second, Rule 17 itself was adopted by an order of this court (63 Wis.2d vii). It is an order as binding on Judge Kading as if it had been addressed to him personally.

 Last, and perhaps most important, the view that this court is able to use the contempt power only to enforce individual orders in individual cases misconstrues the nature of the contempt power. The sole justification for the existence of the contempt power is to protect the authority and dignity of the court. *Appeal of Cichon*, 227 Wis. 62, 68, 278 N.W. 1, 4 (1938). It is not limited to instances of noncompliance with specific orders but has been used in many other situations in which judicial authority has been attacked or ignored, e.g., unauthorized practice of law, *Appeal of Cichon, Id.;* intimidation of witnesses, *O'Brien v. State,* 261 Wis. 570, 53 N.W.2d 534 (1952) ; improper remark by attorney in court, *Rubin v. State,* 192 Wis. 1, 211 N.W. 926 (1927). We have previously held that we have the authority under our superintending and inherent power, both aspects of our judicial authority, to adopt the Code of Judicial Ethics, *Code of Judicial Ethics,* 36 Wis.2d 252, 153 N.W.2d 873, 155 N.W.2d 565 (1967), and Rule 17, *In re Hon. Charles E. Kading,* 70 Wis.2d 508, 235 N.W.2d 409 (1975). These matters being within the judicial power, contempt is available to enforce them. *In re Hon. Charles E. Kading,* 70 Wis.2d at 543b, 238 N.W.2d 63 (1976).

It is most regrettable that a judge of this state must be found in contempt of the Supreme Court. A judge, perhaps more than anyone else, is aware of the central role the rule of law plays in our society. The rule of law is dependent, however, on the willingness of litigants, public officials, and the public in general to respect the exercise of judicial authority. We have established procedures for challenging the exercise of judicial power, but when that challenge is unsuccessful,

there must be compliance with the court's decision or the rule of law will be destroyed. A judge who daily presides in court and makes rulings and decisions can only weaken his own judicial authority by refusing to comply with a judgment of the Supreme Court of this state simply because he disagrees with the judgment.

Under Chapter 295, Stats. as amended by Chapter 401 of the Laws of 1975, a person found in civil contempt of a court may be fined up to $2,000 for each day of violation. In considering all of the circumstances here, we believe it appropriate that, if Judge Kading does not comply with Rule 17 within twenty days of the date of this decision, he be fined $150, and in addition he be fined an additional $50 for each day thereafter that he fails to comply with Rule 17. Collection of the fine shall be accomplished by the Secretary of the Department of Administration deducting any unpaid fines from the salary paid to Judge Kading from the appropriation in sec. 20.625 (1) (b), Stats.

■ IT IS ORDERED AND ADJUDGED that Charles E. Kading by his refusal to comply with Rule 17 of the Code of Judicial Ethics and the order of this court dated April 15, 1976, is in contempt of this court; and

IT IS FURTHER ORDERED that unless Charles E. Kading complies with Rule 17 of the Code of Judicial Ethics and the order of this court dated April 15, 1976, within twenty days, he shall be fined $150 and shall pay an additional fine of $50 for each day of noncompliance thereafter; and

IT IS FURTHER ORDERED that the Secretary of the Department of Administration shall deduct any unpaid fines due at the end of each month from the salary payable to Charles E. Kading from the appropriation in sec. 20.625 (1) (b), Stats.

ROBERT W. HANSEN, J. *(dissenting)*. For reasons earlier set forth in these proceedings *(See:* dissenting

opinion, *In re Hon. Charles E. Kading,* 70 Wis.2d 508, 235 N.W.2d 409, 238 N.W.2d 63, 239 N.W.2d 297 (1975).), the writer would hold that the constitutional grant to this court of a "superintending control over all inferior courts" (Art. VII, sec. 3, Wis. Const.) does not authorize this court to require trial judges in this state to file annual reports of assets or income of their spouses or children. So concluding, the writer would dismiss these contempt proceedings.

I am authorized to state that Mr. Justice LEO B. HANLEY joins in this dissent.