**Marvin ECHOLS, Plaintiff,**

v.

**Francis E. VOISINE et al., Defendants.**

**Civ. A. No. 78–10165.**

United States District Court,
E. D. Michigan, N. D.

June 21, 1979.

Marvin Echols, pro se.

Henry J. Sefcovic, Bay County Civil Counsel, Bay City, Mich., for defendant Francis F. Voisine.

Joseph F. Regnier, Detroit, Mich., for defendants Brian J. McMahon and the Michigan Judicial Tenure Commission.

William J. Mullaney, Asst. Atty. Gen., Detroit, Mich., for defendants Harold Hoag, Einar Bohlin, Ronald L. Dzierbicki, Lawrence Sauter, William J. McBrearty, Morris W. B. Cohn, Frank J. Kelley, Michael Lockman and Martin Vittands.

Gary G. Kress, Asst. Atty. Gen., Detroit, Mich., for defendants Max Ashworth, Timothy J. Ruby, Clifford Rosenberg, George LaPlata and the Michigan Civil Rights Commission.

William C. Potter, Jr., Detroit, Mich., for defendant Dow Chemical Co.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

Plaintiff brought this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1981 *et seq.* and the Fourteenth Amendment to recover for alleged violations of his civil rights. Plaintiff contends that various employees of Dow Chemical Corporation have discriminated against him in the terms and conditions of his employment with that corporation on the basis of race. Further, plaintiff alleges that numerous officials and public servants of the State of Michigan have either participated in or acquiesced in the discrimination by failure to act on his complaint against the Dow corporation in an appropriate manner.

This matter is before the Court on a motion to dismiss defendant members of the Michigan Judicial Tenure Commission. F.R.Civ.P. 12(b)(6). Plaintiff has responded in opposition to this motion.

Defendants Judicial Tenure Committee members claim that plaintiff's Complaint fails to properly state a cause against them upon which relief can be granted and pray the Court to dismiss them from the action. In the alternative, defendants request this Court to abstain pending plaintiff's exhaustion of state remedies in this matter.

In reading the Complaint as a whole, the Court finds that the Complaint, liberally construed, asserts two types of claims against the members of the Michigan Judicial Tenure Commission: that the procedures of the commission violated plaintiff's right to procedural due process of law; and in addition, a claim that the actions of the Judicial Tenure Commission were unequally applied to plaintiff because of his race.

The members of the Judicial Tenure Commission are parties to this action as a result of their failure to institute disciplinary action against Bay County Circuit Judge, John X. Theiler at plaintiff's request. Plaintiff had filed a complaint with the Tenure Commission requesting that action be taken against Judge Theiler for alleged unconstitutional and illegal actions taken by the Judge relative to plaintiff's pending civil rights litigation in state court. Following investigation by the commission, the grievance was dismissed without merit. GCR 932.7(c) and Administrative Rule foll. 4.

The keystone of the due process concept is flexibility. See *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). In *Morrissey, supra,* the Supreme Court stated that "once it is determined that due process applies, the question remains what process is due. It has been said so often by this Court and others not to require citation of authority that due process is flexible and calls for such procedural protections as the particular situation demands." *Id.* at 494, 92 S.Ct. at 2600.

The procedure utilized by the Michigan Judicial Tenure Commission has withstood prior constitutional criticism. See *In the Matter of Del Rio*, 400 Mich. 665, 256 N.W.2d 727 (1975). In light of this and the carefully drawn procedural framework set

out in GCR 932 and the subsequent Administrative Rules, this Court would be hard-pressed to nullify the state statute as being constitutionally invalid as written. The Court finds, however, that it would be inopportune to decide the federal procedural due process issue at this time and will ABSTAIN pending plaintiff's exhaustion of the state process of appeal from decisions of the Judicial Tenure Commission. See GCR 932.2(b).

This Court will also ABSTAIN from addressing itself to the substantive issues raised in plaintiff's Complaint against the members of the Judicial Tenure Commission. These claims relate to alleged equal protection violations sustained by plaintiff in the treatment he received before the commission and stem from the matters decided against him in state court. This Court is mindful that a federal district court should not provide a forum "in which a disgruntled or disappointed litigant can relitigate questions of federal law which have been presented to and decided by state courts." See *Del Rio v. Kavanaugh*, 441 F.Supp. 220 (D.C.1969). Rather, the state Supreme Court is the most appropriate forum in which to raise these types of claims. Michigan GCR 932.2(b) provides that "all proceedings under this rule (before the Judicial Tenure Commission) are subject to the direct and exclusive superintending control of the (Michigan) Supreme Court. No other court shall have jurisdiction to restrict, control or review the orders of the master or the judicial tenure commission."

In light of the foregoing considerations, the Court concludes that this is the type of proceeding in which federal courts should exercise equitable restraint. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). It is apparent that of central concern to a state's judicial system is the procedure and mechanism it has adopted for policing and enforcing the standards of conduct of its judges. Therefore, it is incumbent on this Court to refrain from acting on this matter at least until plaintiff has completed the procedure set forth by the Michigan Supreme Court in

GCR 932 and allow that court to determine the propriety of the conduct and conclusions of the Judicial Tenure Commission members.

Consistent with the foregoing analyses, the Court ABSTAINS from determining the issues raised in defendants' motion or in the Complaint against defendant members of the Michigan Judicial Tenure Commission pending completion of the state process available to plaintiff.

IT IS SO ORDERED.