**Christ T. SERAPHIM, Plaintiff,**

v.

**The JUDICIAL CONDUCT PANEL OF the STATE OF WISCONSIN et al., Defendants.**

**No. 79–C–1059.**

United States District Court,
E. D. Wisconsin.

Feb. 1, 1980.

Gerald P. Boyle, James P. O'Neill, Milwaukee, Wis., for plaintiff.

Boardman, Suhr, Curry & Field by Henry A. Field, Jr., Madison, Wis., for The Panel and Levin.

Bronson C. La Follette, Wis. Atty. Gen. by Leroy L. Dalton, Asst. Atty. Gen., Madison, Wis., for all other defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In this action arising under 42 U.S.C. § 1983, the plaintiff, an incumbent state judge, seeks declaratory and injunctive relief in order to stop a pending state proceeding investigating his judicial conduct. The complaint alleges that the state statutes and ethical rules under which the defendants are proceeding contain a number of constitutional defects, including first amendment vagueness and over-breadth. The plaintiff has moved for a preliminary injunction; the defendants have filed a motion to dismiss, which raises the threshold question whether I should decline on equitable grounds to entertain the plaintiff's case. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). For the following reasons, I hold that the defendants' motion should be granted.

## I. FACTUAL BACKGROUND

In pertinent part, the Wisconsin Constitution provides:

> "Each justice or judge shall be subject to reprimand, censure, suspension, removal for cause or for disability, by the supreme court pursuant to procedures established by the legislature by law. . . ." Art. 7, § 11.

The legislation implementing this constitutional grant provides that misconduct shall be cause for removal, § 757.85(1), Wis. Stats., and defines misconduct to include "[w]ilful violation of a rule of the code of judicial ethics." *Id.* § 757.81(4)(a). The rules of the code of judicial ethics which the plaintiff challenges in this action were issued by the state supreme court and became effective on January 1, 1968. *In re Promulgation of a Code of Judicial Ethics*, 36 Wis.2d 252, 153 N.W.2d 873 (1967).

The implementing statute establishes a three-stage system for investigating and disciplining judicial misconduct. At the investigatory stage, the judicial commission receives information, investigates complaints, and, upon determining the existence of probable cause, files a formal complaint with the supreme court. *Id.* § 757.85. At the hearing stage, an advisory body compiles and files with the supreme court a record which includes findings of fact, conclusions of law, and recommendations regarding appropriate discipline. *Id.* § 757.89. If the judicial commission requests a jury, then the advisory body shall consist of a jury of six to twelve persons presided over by a court of appeals judge; if no jury is requested, the matter is heard by a judicial conduct panel consisting of three court of appeals judges. *Id.* § 787.87. In both situations, the judicial commission acts as the prosecution in cases of misconduct. *Id.* § 787.85(6).

At the final, disposition stage, the supreme court reviews the findings, conclusions and recommendations of the advisory body and determines the appropriate discipline. *Id.* § 757.91. The supreme court's review proceedings are governed by the court's rules applicable to civil cases. *Id.*

On November 9, 1979, the judicial commission filed in the supreme court a formal complaint against the plaintiff; an amended complaint was filed on December 24, 1979. The complaint and amended complaint asserted probable cause that the plaintiff had wilfully violated six rules of the code of judicial ethics. Before filing the complaint with the supreme court, the commission had afforded the plaintiff an opportunity to respond to its findings.

Since the commission did not request a jury, on November 13, 1979, the supreme court ordered that a judicial conduct panel be selected. The panel conducted a scheduling conference on December 4, 1979, at which time the panel denied the plaintiff's request for a jury and set a hearing date of February 25, 1980.

The plaintiff filed the instant complaint and motion on December 21, 1979; an amended complaint was filed on January 10, 1980. In addition to challenging five of the rules of judicial conduct, the plaintiff broadly attacks the entire statutory scheme implementing the above-quoted constitutional provision. The plaintiff charges that the statute represents an improper intrusion by the legislature into the province of the judiciary; that the commission's finding of probable cause was in part based on acts the plaintiff committed before the adoption of the constitutional provision; and that the provision limiting the right to request a jury to the prosecution is arbitrary and unreasonable, all in violation of the due process and equal protection clauses of the federal Constitution. The plaintiff also contends that rules 8, 9, 11, 15 and 16 of the code of judicial ethics are unconstitutionally vague and over-broad and deter the plaintiff's exercise of protected freedoms. To cure these alleged defects, the plaintiff seeks a declaration of unconstitutionality and preliminary and permanent injunctive relief restraining the defendants from acting in the current proceeding and initiating any future disciplinary proceedings against him.

## II. DEFENDANTS' MOTION TO DISMISS

The defendants, who are the judicial conduct panel and its individual members, the chairperson of the judicial commission, the chief judge of the court of appeals, and the chief justice of the state supreme court, have moved to dismiss on the basis of the principle of equitable restraint established in *Younger* and its progeny, or, alternatively, for failure to state a claim. Since I conclude that this case should be dismissed under *Younger*, I do not reach the merits of the plaintiff's constitutional arguments, nor do I intimate any view regarding the issues raised in the pending state proceeding.

In my opinion, the question whether the *Younger* line of cases should be applied to this action does not require elaborate treatment; those cases clearly and forcefully articulate the operative principles. *See Moore v. Sims*, 442 U.S. 415, 423–433, 99 S.Ct. 2371, 2377–2382, 60 L.Ed.2d 994 (1979); *Trainor v. Hernandez*, 431 U.S. 434, 440–44, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *Juidice v. Vail*, 430 U.S. 327, 334–37, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); *Kugler v. Helfant*, 421 U.S. 117, 124–25, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 599–605, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Gibson v. Berryhill*, 411 U.S. 564, 575–77, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); *Younger v. Harris, supra*, 401 U.S. at 43–47, 91 S.Ct. 746; *Samuels v. Mackell, supra*, 401 U.S. at 69–73, 91 S.Ct. 764. *See generally* L. Tribe, American Constitutional Law § 3–41, at 152–56; C. Wright, Handbook of the Law of Federal Courts § 52A, at 229–36.

To determine the applicability of *Younger*, I need resolve only two issues: (1) Is the state's interest in the pending judicial disciplinary proceeding of sufficient importance to trigger the policies underlying the doctrine of equitable restraint on the part of the federal court? (2) If equitable restraint is called for, should the court nonetheless consider the merits of the case because one or more of the recognized exceptions to the *Younger* doctrine are present?

### A. The Importance of the State's Interest

At least two other federal district courts have considered the weight of a state's interest in judicial disciplinary proceedings and have found this interest highly significant. In *Del Rio v. Kavanagh*, 441 F.Supp. 220, 223 (E.D.Mich.1977), in which a state judge similarly challenged the basis for disciplinary proceedings brought against him, the court refused to hear the suit and dismissed under *Younger*, stating:

> "Surely, it appears to this Court, an . . important and core interest of a state's judicial system is the procedure and mechanism it has adopted for policing and enforcing standards of judicial conduct of its judges. This Court can think of no more sensitive and important interest of the state's judicial system than that of assuring the integrity of the state bench. Therefore, this is clearly the type of case where this Court should exercise equitable restraint and require the plaintiff to pursue his remedies in the state . courts."

To the same effect is *Echols v. Voisine*, 472 F.Supp. 796 (E.D.Mich.1979), in which the district court applied *Younger* to dismiss the plaintiff's claim that the state judicial commission had improperly refused to institute disciplinary proceedings against a state judge.

In a related series of cases, several federal courts have invoked the *Younger* doctrine to bar actions challenging disciplinary proceedings against attorneys. *See Gipson v. New Jersey Supreme Court*, 558 F.2d 701 (3d Cir. 1977); *Anonymous v. Association of the Bar*, 515 F.2d 427 (2d Cir.), *cert. denied*, 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975); *Goodrich v. Supreme Court of South Dakota*, 511 F.2d 316 (8th Cir. 1975); *Niles v. Lowe*, 407 F.Supp. 132 (D.Hawaii 1976). Moreover, the United States Supreme Court has found a state's interest in judicial contempt proceedings sufficiently important to require dismissal under *Younger* of the plaintiff's § 1983 action challenging the constitutionality of the contempt statutes. *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977).

Contrary to the plaintiff's position in this case, these cases establish that *Younger's* application does not turn on the particular label one attaches to the pending state proceeding. Although the principles of equity, comity and federalism underlying the *Younger* doctrine were first articulated in the context of challenges to state criminal proceedings, the Supreme Court recently stated that *Younger's* "basic concern— that threat to our federal system posed by displacement of state courts by those of the National Government—is also fully applicable to civil proceedings in which important state interests are involved." *Moore v. Sims, supra*, 442 U.S. at 423, 99 S.Ct. at 2377. *See generally* Comment, *Equitable Restraint: The Extension of Younger to Civil Actions*, 46 U.Cinn.L.Rev. 220, 224–28 (1977). Accordingly, for the reasons stated in the *Del Rio* and *Echols* cases, I find the "basic concern" of the *Younger* concept a compelling consideration in favor of federal abstention in this case.

### B. Exceptions to Applying Equitable Restraint

Unless one or more of the following questions is answered affirmatively, *Younger* requires dismissal of this case: (1) Will the plaintiff be unable to raise his constitutional contentions in the pending state proceeding? (2) Should the pending state proceeding be disregarded either because it was brought in bad faith or to harass the plaintiff, or because the state tribunals are incapable of rendering fair, unbiased decisions on the plaintiff's constitutional claims? (3) Are the challenged state statutes and rules so patently unconstitutional as to justify immediate intervention? *See, e. g., Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973); *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

Pointing to the judicial conduct panel's refusal to consider the constitutionality of the statute limiting the right to request a jury to the judicial commission, the plaintiff contends that a forum is not available to hear his constitutional claims. However,

the plaintiff does not contend that the state supreme court will not consider this particular claim or any of the other federal claims he has raised; since only the latter body is authorized to impose disciplinary measures, it is there that I should look to determine whether the plaintiff's claims will receive a fair hearing. The relevant statutory provisions and procedural rules cited above indicate that the supreme court is empowered to pass on the plaintiff's constitutional claims; thus, "abstention is appropriate" because it cannot be said that "state law clearly bars the interposition of the constitutional claims." *Moore v. Sims, supra,* 442 U.S. at 425–426, 99 S.Ct. at 2378.

While the plaintiff has not formally alleged that the pending proceeding was brought in bad faith or for the purpose of harassment, he offers the unfounded speculation that, simply by virtue of his popularity, "one could find that the natural course of events" indicates an improper basis for the disciplinary investigation. Reply brief at 14. I reject this invitation to conjecture on the motives of the officials who initiated the state proceeding and find on the record before me no evidence of bad faith or harassment.

The plaintiff also challenges the impartiality and independence of the state supreme court; he questions the court's ability to render a fair judgment on his constitutional arguments in light of the court's involvement in promulgating the rules the plaintiff is charged with violating. In my opinion, this is not the sort of "bias" which might justify the conclusion that the state tribunal is incompetent to pass impartially upon the plaintiff's contentions. This case is unlike *Gibson v. Berryhill, supra,* where the district court specifically found that the composition of a state board of optometry made the board biased. 411 U.S. at 577, 93 S.Ct. 1689. I believe that any danger of real bias in this case is so conjectural that an inference of unfairness may not be drawn.

Lastly, the plaintiff submits that the state statutes and rules are so patently unconstitutional—on their face and as applied—that immediate injunctive relief is appropriate. The Supreme Court has very narrowly drawn the contours of this particular *Younger* exception. Even if the challenged state statute is shown to be unconstitutional on its face, the Court has repeatedly stated that injunctive relief is only called for when the statute is

".  .  . flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger v. Harris, supra,* 401 U.S. at 53–54, 91 S.Ct. at 755 (quoting *Watson v. Buck,* 313 U.S. 387, 404, 61 S.Ct. 962, 85 L.Ed. 1416 (1941)). *See also Moore v. Sims, supra,* 442 U.S. at 417, 99 S.Ct. at 2374; *Trainor v. Hernandez, supra,* 431 U.S. at 447, 97 S.Ct. 1911.

My review of the applicable state statutes and rules persuades me that the stringent requirements of this *Younger* exception have not been satisfied in this case.

In sum, I hold that the *Younger* principle of equitable restraint applies with full force to the case at bar. This finding not only precludes the issuance of a preliminary injunction, but also requires the dismissal of the plaintiff's complaint. *See, e. g., Moore v. Sims, supra,* 442 U.S. 415, 99 S.Ct. 2371.

## CONCLUSION

Therefore, IT IS ORDERED that the plaintiff's motion for a preliminary injunction be and hereby is denied.

IT IS ALSO ORDERED that the defendants' motion for dismissal be and hereby is granted.

IT IS FURTHER ORDERED that the complaint and this action be and hereby are dismissed.