THOMAS A. LOFTUS, Chairperson Assembly Organization Committee
The Committee on Assembly Organization has asked whether state statutes and administrative rules which require that certain state employes be nonpartisan are constitutionally infirm in light of state and national Democratic Party Rules which limit participation in caucuses to select delegates to the National Convention to voters "only who publicly declare their party preference and have their preference publicly recorded." Rule 2A Delegate Selection Rules for the 1984 Democratic National Convention (Party Rules). In my opinion, the statutes and rules are constitutional.
The Supreme Court specifically has held that the Democratic Party may limit participation in the process which leads to selection of delegates to the National Convention. DemocraticParty of U.S. v. Wisconsin, 450 U.S. 107, 120-22 (1981). The Court recognized that a political party's choice of determining the makeup of a state's delegation to the National Convention is constitutionally protected. Democratic Party of U.S., 450 U.S. at 124. The Democratic Party case involved the consideration of Rule 2A of the Delegate Selection Rules for the 1980 Democratic National Convention. The 1984 rule is identical to the 1980 rule considered in the Democratic Party case. There can be no doubt that the Democratic Party may constitutionally restrict participation in its delegate selection process.
State statutes require that employes of certain agencies be "nonpartisan." For example, employes of the Elections Board, section 5.05(4), Stats., Legislative Council, section 13.91, the Legislative Reference Bureau, section 13.92, the Revisor of Statutes, section 13.93, the Legislative Audit Bureau, section13.94 and the Legislative Fiscal Bureau, section 13.95, must be nonpartisan. Other statutes *Page 52 
require members of commissions or boards to be nonpartisan. E.g., secs. 15.62, 66.068(1) and 66.433(4), Stats. A few statutes depend on party affiliation to determine membership. E.g., secs. 15.61 and 62.13(1), Stats. Finally, some rules prohibit the political activity of certain employes, e.g., Rule 12 of the Codeof Judicial Ethics, 36 Wis.2d 252, 153 N.W.2d 873 (1967), which states that a judge "shall not be a member of any political party or participate in its affairs, caucuses, promotions, platforms, endorsements, conventions, or activities." You question whether these statutes and rules are constitutionally infirm in light of the Supreme Court's decision in the Democratic Party case.
Various elections in Wisconsin are commonly referred to as "nonpartisan" elections. Nothing prohibits candidates in these elections from having party affiliations, however. The elections are "nonpartisan" only because no party designation appears on the ballot. E.g., sec. 5.60(1)(a) and (3)(a). Officeholders elected in these "nonpartisan" elections are not prohibited from participating in party activities. This opinion addresses only those statutes and rules which involve partisan activity by officeholders or employes.
Before considering the constitutional question, however, it is necessary to determine whether the statutory prohibitions upon partisan activity encompass participation in the Democratic party delegate selection process. There is no definition of "nonpartisan" in the statutes. The only case considering the term "partisan" in Wisconsin is of little assistance. State ex rel.Lynch v. Conta, 71 Wis.2d 662, 692-94, 239 N.W.2d 313 (1976). I must conclude, however, that any prohibition upon partisan activities in the statutes listed above must necessarily include participation in a selection process which requires the participants to "publicly declare their party preference and have their preference publicly recorded." Rule 2(A). Although participation in the selection process does not require party membership or the payment of fees, publicly stating a preference for one party and participating in that party's selection of delegates must be considered "partisan." See State ex rel. LaFollette v. Democratic Party, 93 Wis.2d 473, 487-88,287 N.W.2d 519 (1980). If such activity were not prohibited as partisan activity, the requirements that employes of the agencies listed above be nonpartisan would have little force. I conclude, therefore, that participation in the delegate *Page 53 
selection process would be partisan activity and would violate the nonpartisan requirements of the statutes listed above.
In Broadrick v. Oklahoma, 413 U.S. 601 (1973), the Court upheld Oklahoma's restrictions on political activity against charges that the law was overbroad and vague. That law provided interalia that no employe covered by the Act shall "be a member of any national, state or local committee of a political party, or an officer or member of a committee of a partisan political club, or a candidate for nomination or election to any paid public office . . . ." Employes were also prohibited from taking part in the management or affairs of any political party.413 U.S. at 603-04. The Court held that the law was neither vague nor overbroad and was constitutional on its face. 413 U.S. at 616.
The Court in Broadrick did not consider or discuss the state's right to restrict partisan political conduct of state employes because the appellants conceded that such restrictions served valid and important state interests. 413 U.S. at 606. Therefore, although Broadrick did not directly hold that states can restrict partisan political membership without offending the first amendment, the Court's decisions under the Hatch Act and the Court's treatment of the issue in Broadrick compel the conclusion that evenhanded restrictions on partisan political activity of state employes may be imposed without offending the first amendment. See Pruitt v. Kimbrough, 536 F. Supp. 764 (N.D. Ind. 1982).
Unfortunately, Rule 2A of the Democratic Party will result in the disenfranchisement of some state office holders and employes. That harsh result, however, does not invalidate sound state law.
BCL:AML