# IN the MATTER OF the AMENDMENT OF SCR 70.36: JUDGES' CERTIFICATION OF STATUS OF PENDING CASES.

Supreme Court

*Undocketed. Filed March 12, 1987.*

(Also reported in 402 N.W.2d 358.)

PER CURIAM.

Following a public hearing held November 21, 1986, the court considered the report of the director of state courts concerning the administration of the

court's rule, SCR 70.36,[1] establishing time periods for

[1]SCR 70.36 provides:

**"Judges' certification of status of pending cases.** (1)(a) Every judge of a circuit court shall decide each matter submitted for decision within 90 days of the date on which the matter is submitted to the judge in final form, exclusive of the time the judge has been actually disabled by sickness. If a judge is unable to do so, within five days of the expiration of the 90-day period the judge shall so certify in the record of the matter and notify in writing the chief judge of the judicial administrative district in which the matter is pending, and the period is thereupon extended for one additional period of 90 days.

(b) The chief judge shall send a copy of a notification made under par. (a) to the office of the director of state courts. The director of state courts, pursuant to SCR 70.10, and the chief judge, pursuant to SCR 70.19(3)(a), shall assign judges as needed or take other steps to assist a judge who has made notification under par. (a) in the timely disposition of judicial business.

(c) In the exercise of its superintending and administrative authority over all courts and upon written request from a chief judge, the supreme court may extend the period specified in par. (a) for decision in specific matters as exigent circumstances may require.

(2)(a) Within the first ten days of each month every judge of a circuit court shall execute and file with the office of the director of state courts:

(i) an affidavit stating that there are no matters awaiting decision beyond the 90-day or, if extended by certification and notification, the 180-day period specified in sub. (1)(a), or

(ii) if there are matters so pending, an affidavit setting forth the name and docket number of each of those cases, the court in which it is pending, and the date on which it was submitted to the judge in final form.

(b) The office of the director of state courts shall send a copy of affidavits listing pending matters to the chief judge of the judicial administrative district(s) in which those matters are pending and shall notify the chief judge of a judicial administrative district of the failure of a judge within the district to file an affidavit pursuant to this subsection.

(3) Failure of a judge to comply with the requirements of sub. (1)(a) or sub. (2)(a) may result in one or more of the following remedial measures:

395

judges of the circuit court to decide matters submitted for decision and requiring circuit judges to certify monthly to the office of the director of state courts their compliance with the requirements of the rule since the rule's adoption on May 30, 1984. The court also considered the petition filed June 23, 1986 by the Legislative Council Law Revision Committee requesting the amendment of SCR 70.36 to include a provision withholding a circuit judge's salary if the certifications filed pursuant to the rule disclose that there are matters awaiting decision beyond the time periods established by the rule. The court determines that the petition for the inclusion of a salary withholding provision in the rule should be denied and that amendments to the rule suggested by the director of state courts at the public hearing, namely, that the certification under the rule be made by certificate rather than by affidavit and that notice of an extension of time to comply with the rule obtained by a circuit judge be given to the director of state courts by the circuit judge rather than by the chief judge of the judicial administrative district, be adopted.

The adoption of SCR 70.36 occurred in the context of a judicial disciplinary proceeding concerning, in part, a judge's alleged failure to comply with the statute, sec. 757.025, Stats.,[2] prohibiting a judge of a

(a) Change of the judge's assignment, pursuant to SCR 70.19(3)(a),

(b) Referral of the matter by the director of state courts to the supreme court for the initiation of contempt proceedings,

(c) Referral of the matter by the director of state courts to the judicial commission for investigation of possible misconduct."

[2]Section 757.025, Stats., provides:

"**Judge to file affidavit as to work done to receive salary.**
(1) No judge of a court of record may receive or be allowed to

court of record from receiving or being allowed to draw any salary unless the judge first executes an affidavit stating that no matter submitted in final form to the court for decision remains undecided for more than 90 days. *In Matter of Complaint Against Grady*, 118 Wis. 2d 762, 348 N.W.2d 559 (1984). The court held the statute an unconstitutional interference with the judicial branch of government and adopted a court rule establishing substantially the same requirements as those of the statute, with the exception of the salary withholding provision. The petition of the Legislative Council Law Revision Committee sought the restoration of the salary withholding provision by inclusion in the court's rule.

The court determines that a salary withholding provision is unnecessary. The rule requiring the certification of the status of pending cases specifies the following remedial measures which may result from a judge's failure to comply with the requirements of the rule:

"(a) Change of the judge's assignment, pursuant to SCR 70.19(3)(a),

---

draw any salary, unless he or she first executes an affidavit stating that no cause or matter which has been submitted in final form to his or her court remains undecided that has been submitted for decision for 90 days, exclusive of the time that he or she has been actually disabled by sickness or unless extended by the judge under sub. (2). The affidavit shall be presented to and filed with every official who certifies in whole or in part, the judge's salary.

(2) If a judge is unable to complete a decision within the 90-day period specified in sub. (1), the judge shall so certify in the record and the period is thereupon extended for one additional period of not to exceed 90 days."

"(b) Referral of the matter by the director of state courts to the supreme court for the initiation of contempt proceedings,

"(c) Referral of the matter by the director of state courts to the judicial commission for investigation of possible misconduct." SCR 70.36(3).

As specified, these measures are remedial, intended to provide assistance to a judge who, because of the number of cases pending or other factors beyond the judge's control, is unable to comply with the time periods established by the rule; they also serve to discipline appropriately a judge who, though able to do so, fails to comply with the rule. With respect to the latter, the Comment to SCR 70.36 states:

"In addition to possibly constituting judicial misconduct under sec. 757.81(4), Stats., a judge's failure to comply with this rule may constitute contempt of the supreme court and result in the court's imposing a fine for noncompliance. See, *In re Hon. Charles E. Kading*, 74 Wis. 2d 405 (1976)."

In light of the availability of these remedial measures, the imposition of which is discretionary with the court as circumstances may warrant, the addition of the proposed salary withholding provision, which would apply to every failure of a judge to comply with the time periods and certification requirements of the rule without regard to the cause thereof, is neither necessary nor desirable. Salary withholding would be a purely punitive sanction, applied indiscriminately, unresponsive to the problems the rule is designed to remedy.

In his presentation at the public hearing, the director of state courts requested that SCR 70.36 be amended to provide that the reporting of the status of

pending cases be made by certificate of the judge rather than by affidavit. The principal reason given for that requested amendment is that a judge filing an affidavit containing incorrect information would be liable to prosecution for false swearing, a result in no way related to the purpose of the rule. The director of state courts also requested that the rule be amended to provide that the circuit judge, not the chief judge of the judicial administrative district, be responsible for notifying the office of the director of state courts of extensions of the time periods obtained under the rule.

The court finds the amendments proposed by the director of state courts appropriate to the purposes of the rule and adopts them. With respect to the use of a certificate rather than an affidavit to report the status of pending cases, the purpose of the rule is to promote the efficient conduct of the judicial business of the circuit court. It requires circuit judges to review periodically the cases pending before them and to decide them expeditiously. It is an administrative, not a disciplinary, rule. The use of a certificate for reporting pending case status is no less effective than an affidavit to accomplish the administrative objectives of the rule; the use of an affidavit adds merely an additional punitive sanction. The proposed amendment concerning notice of an extension of time under the rule will serve to expedite the reporting procedure.

An order will issue the date hereof effectuating the court's determinations set forth herein.