IN RE VAN SUSTEREN, Judge of County Court, Branch No. 1, Outagamie County.

No. 76-692-OA. *Argued December 1, 1977.*—
*Decided February 7, 1978.*
(Also reported in 262 N.W.2d 133.)

For the appellant there was a brief by *Urban P. Van Susteren, pro se,* and oral argument by *Hon. Urban P. Van Susteren* and *James R. Long,* both of Appleton.

For the respondent there was a brief and oral argument by *Eugene O. Gehl* of Madison.

PER CURIAM. This proceeding was commenced against the HON. URBAN P. VAN SUSTEREN by service of a formal complaint on August 2, 1976, concerning his conduct with respect to the Code of Judicial Ethics.

On December 9, 1975, John Doherty made an oral complaint to the Secretary of the Wisconsin Judicial Commission, alleging numerous instances of improper conduct on the part of Judge Van Susteren. Following further discussions with Doherty, a formal complaint was prepared by the Commission and signed by Doherty on August 6, 1976. The complaint was then filed with the Judicial Commission on August 23, and served on August 25, 1976. The answer to the complaint was filed with the Commission on August 31, 1976. The Commission thereupon petitioned this court for the appointment of a Master for the purpose of conducting a hearing and determining the facts pertaining to this matter. The

HON. MERRILL R. FARR was appointed, and the hearing was held on November 17 and 18, 1976. The testimony of seventeen witnesses was taken and nineteen exhibits were introduced into evidence. The Master then made findings of fact which were submitted to the Judicial Commission on February 22, 1977. The Master concluded that there was insufficient evidence relating to several charges made in the complaint. The findings mainly summarized the testimony adduced at the hearing without arriving at any specific, factual conclusions.

Judge Van Susteren made no objections to the Master's findings when they were submitted to the Commission. The Commission, in its decision dated April 7, 1977, concluded that the Judge had practiced law in violation of Rule 4 of the Code of Judicial Ethics, and imposed the sanction of censure. A notice of appeal of this decision was filed with the Commission on May 6, 1977 and with this court on May 17, 1977.

Additional facts as reflected in the record will be set forth below as necessary for a discussion of the issues.

The following issues are presented on appeal:

1. Did the Judicial Commission commit procedural errors requiring reversal of its decision?

2. Did the Commission err in concluding that Judge Van Susteren was engaged in the practice of law in violation of the Code of Judicial Ethics?

*Alleged Procedural Errors*

The Code of Ethics was promulgated by this court in *Code of Judicial Ethics*, 36 Wis.2d 252, 153 N.W.2d 873, 155 N.W.2d 565 (1967), the main portion of which was effective January 1, 1968. The Rules of Procedure were subsequently promulgated by this court in *In the Matter of the Promulgation of the Code of Judicial Ethics*, 57 Wis.2d vii (1973), effective April 8, 1973, as the means of implementing the code.

The Judge's first assignment of error is directed towards an alleged failure of the Commission to fully comply with Procedural Rule 3(3), which states:

"If the Commission determines that on the basis of the complaint itself, there is probable cause for action of the Commission, it shall make an informal preliminary investigation in such manner as it deems appropriate including a request to the complainant to verify his statement under oath, and shall notify the judge in question of the nature of the charge and give him an opportunity to respond . . . If the preliminary investigation shows probable cause for a formal charge or hearing, the Commission shall order a formal complaint to be filed on such a hearing."

Judge Van Susteren contends that the Commission conducted an improper preliminary investigation of the charges brought by the complainant because it failed to uncover before the hearing exculpatory evidence relating to some of the more spurious allegations made in the complaint and not substantiated at the hearing.

Many of the allegations made by Mr. Doherty at the initial meetings with the Commission were found to be unsupported by the evidence adduced at the hearing. Nevertheless, one of the allegations made by Doherty—that the Judge had engaged in the practice of law in that he drafted a contract for the complainant—was substantiated at the time the preliminary investigation was conducted by a handwritten manuscript in Doherty's possession. Rule 3(3) provides the Commission with a great amount of latitude concerning the methods and scope of its preliminary investigation of complaints; it is charged with the duty of conducting the investigation "in such a manner as it deems appropriate." The scope of investigation necessary to determine the existence or nonexistence of probable cause must necessarily vary from case to case. On the facts and circumstances of this investiga-

tion, it cannot be said the Commission conducted an improper preliminary investigation.

Judge Van Susteren's second argument is that the Commission did not have sufficient evidence upon which to base a determination as to probable cause for a formal hearing. In this manner, the issue as to what is necessary to constitute probable cause in the context of a judicial disciplinary proceeding is raised.

It has been said that judicial disciplinary proceedings are neither civil nor criminal in nature, but are inquiries, the purpose of which is not primarily to punish the individual but to maintain the integrity of the judiciary. *Matter of Crutchfield,* 289 N.C. 597, 223 S.E.2d 822 (1975). This is apparently the view adopted by this court in *In re Hon. Charles E. Kading,* 70 Wis.2d 508, 543c, 235 N.W.2d 409, 238 N.W.2d 63, 239 N.W.2d 297 (1975), where this court stated on rehearing:

"Violations of the Code of Judicial Ethics, if determined to be in contempt of the court, are civil rather than criminal contempt. The real character of a contempt of court is determined by the nature of the relief sought, *and in cases involving violations of the code this court seeks to remedy the situation created by the violation* and to enforce the collective private rights of the citizens of this state to impartial justice." (Emphasis supplied.)

Nevertheless, the concept of probable cause as it has developed in the criminal context is appropriate to the use of this term in the Judicial Commission Rules of Procedure. The purpose of a probable cause determination in a criminal preliminary hearing was recently stated in *Virgil v. State,* 76 Wis.2d 133, 141, 250 N.W.2d 378 (1976) : "A preliminary hearing must establish to a reasonable probability that a crime has been committed and that the defendant probably committed it." The purpose of the Commission, during the preliminary stages of an investigation into alleged judicial improprieties, is the same: to determine to a reasonable certainty the

probability that a violation of the Judicial Code of Ethics has been committed and the probability that the judge under investigation has committed it.

Judge Van Susteren criticizes the Commission's finding of probable cause because, he contends, his version of the facts were never sought or heard. This criticism is not justified. The Judge was informed by the Commission by letter dated July 6, 1976, that an investigation was in progress and that he would be given an opportunity to respond as required by Procedural Rule 3(3). The Judge, however, chose not to respond. Because the complainant was able to corroborate at least one of the charges—the practice of law—with real evidence, the investigation produced enough evidence sufficient to support a finding of probable cause.

The Judge's third procedural argument is that the Commission committed prejudicial error in limiting prehearing discovery. After filing his answer to the complaint, the Judge attempted to discover: (a) the names of all witnesses known to the Commission and the complainant; (b) the statements made by John Van Handel, one of the witnesses; (c) Doherty's statements; (d) the statements made by any other witness; (e) the Commission's investigative reports; (f) the minutes of the Commission's meeting during which the Commission determined the existence of probable cause sufficient to warrant instituting a preliminary investigation; (g) the minutes of the Commission's meeting during which the Commission decided to issue a formal complaint; and (h) the name of any person, not a member of the Commission, who attended these meetings. The Commission responded by providing the Judge with the materials and information sought in requests (a) through (e), but it refused to provide the materials and information sought in requests (f) through (h) on the grounds that these materials were irrelevant to the proceedings

and not discoverable under the procedural rules. Judge Van Susteren also attempted to depose the complainant, Doherty, but before the deposition could be held Doherty was advised not to submit to this discovery.

Under the Procedural Rules there was no error on the part of the Commission. Only limited discovery is permitted under Procedural Rule 4(2) ; no express provision is made permitting the discovery of the Commission meeting minutes nor for the deposition of a complainant. Although a judge under investigation is generally entitled to inspect and copy any writing or thing which is relevant and admissible in evidence (Rule 4(2)(5)), Procedural Rule 2(2) clearly states that all "papers, files, transcripts and communications in the proceedings before the Commission before the filing of a formal charge shall be confidential and all testimony therein shall be privileged." The minutes and information concerning attendance at the meetings sought by Judge Van Susteren are within the class of information made confidential by Procedural Rule 2(2), and therefore are not discoverable by reason of Procedural Rule 4(2)(c). These materials were properly withheld. Nevertheless, the question still remains: under what circumstances may the propriety of the Committee's initiation and maintenance of a disciplinary proceeding be reviewed? This may occur on an appeal to this court under Procedural Rule 5. But to make such a review possible, these materials must be available to this court on the appeal. In this instance they were not included in the record. We think it is proper to include these materials in the record on appeal.

Judge Van Susteren also alleges that the Commission erred in failing to give him an opportunity to argue legal issues before the Commission. Procedural Rule 4(e)

(2) applies to this case, and sets forth the post-hearing procedure for the Commission:

"2. When the hearing is before a master:

"a. He shall within 20 days from receipt of the transcript prepare and transmit to the commission a report which shall contain a brief statement of the proceedings had, and his findings of fact with respect to the issues presented. Upon receiving the report of the master, the commission shall promptly mail a copy to the respondent.

"b. Within 15 days after the mailing of the copy of the master's report to the respondent, respondent may file with the commission an original and 11 legible copies of a statement of objections to the report of the master, setting forth all objections and all reasons in opposition to the findings.

"c. If no statement of objections to the report of the master is filed within the time provided, the commission may adopt the findings of the master without a hearing. If such statement of objection is filed or if the commission in the absence of such statement proposes to modify or reject the finding of the master, the commission shall give the respondent and the counsel an opportunity to be heard orally before the commission and written notice as to the time and place of such hearing shall be mailed to the respondent at least 10 days prior thereto.

"d. Thereafter the commission shall make and file its conclusions of law and proposed actions with relation thereto, and mail a copy thereof to the respondent."

The transcript of the hearing before Master Farr indicates that Judge Van Susteren raised by motion numerous legal issues before the hearing was commenced. At that time the Master held that he had no authority to determine the merits of these issues. After the hearing, the Master's Report and Findings of Fact were submitted to the Commission on February 22, 1977. On April 7, 1977, the Commission adopted the Master's Findings and issued its decision. At no time during the intervening period, however, did the Judge submit objections to the Master's Findings or arguments dealing with the legal issues raised at the hearing.

The Judge contends that the rules provide him with no opportunity to raise legal questions before a decision on the merits of the action is made. This contention is not correct. Rule 4(e)(2) (b) provides that within 15 days from the time the Commission mails him a copy of the Master's Findings, the judge under investigation may submit written statements of objections to the report wherein all objections and reasons in opposition to the Findings may be set forth. Judge Van Susteren made no attempt to avail himself of this opportunity to challenge the findings and to raise these issues. Had he done so, he would have been entitled to a hearing before the Commission on these objections.

The Commission takes the position that the Judge's failure to object to the Findings of the Master constituted a waiver of these legal issues. We do not agree. The function of a Master in these proceedings is to determine facts. Rule 4(3)(b). After the Master's Findings have been submitted to the Commission, the judge under investigation has an opportunity to raise objections concerning the Master's Report. Because the objections must be related to the report, apparently the objections which the rules contemplate being made at this time are limited to those in the nature of objections to the admission of evidence or objections as to the sufficiency of evidence to sustain a particular finding. It is the Commission, however, that makes the conclusions of law on issues such as the interpretation of the provisions of the Code of Judicial Ethics. "The Commission shall have power to interpret the rules of the Code of Judicial Ethics subject to review by the Supreme Court." *In the Matter of the Promulgation of the Code of Judicial Ethics,* 52 Wis.2d vii, x (1972). The only mechanism by which legal issues of this nature may be argued is by an appeal to this court under Procedural Rule 5.

Thus, even though the judge has not waived his right to raise these issues on this appeal, there was no error

316

on the part of the Commission under the facts of this case.

Judge Van Susteren claims that the Commission failed to issue a written decision as required by paragraph 8 of the rules implementing the Code of Judicial Ethics. See, *In the Matter of the Promulgation of the Code of Judicial Ethics*, 52 Wis.2d, viii (1972). In the instant case, the Commission adopted the Findings of the Master and, as a conclusion of law, stated that the facts set forth in the Findings constituted a violation of the Code. Under Procedural Rule 4(e) (2) (d), this is all the Commission is required to do.

*Practicing Law*

Judge Van Susteren was found by the Commission to have violated Rule 4 of the Code of Judicial Ethics, which simply provides: "A judge shall not engage in the practice of law." 36 Wis.2d at 260. This conclusion was based upon the following facts.

The complainant, John Doherty, moved to Appleton in 1971 and opened a business named Rabbitt Prints Printing Co. This business was eventually incorporated and ultimately was the nucleus of the complainant's numerous other business pursuits, J.C.D. and Associates and Market Penetration Associates. Sometime in the spring of 1974, several small claims were commenced against Doherty. He was having difficulty retaining an attorney to represent him; two lawyers to whom he had paid retainers returned his money and informed him that they could no longer represent him while others summarily declined to represent him. Under these circumstances, the complainant asked Judge Van Susteren how he should handle these small claims and was told he could request continuances. When several judgments were entered against him, he again asked the Judge

how to take an appeal. The response of the Judge was that Doherty should have the clerk of courts show him a file of a case in which such an appeal had been taken to use as a model.

From this point on, a continuing relationship developed between the complainant and the Judge. The complainant frequented the Judge's court about three and four times a week. These visits were frequently of a social nature. On two occasions, the Judge attended dinner parties which the complainant testified were given "in honor of Judge Van Susteren." On other occasions, Doherty gave Judge Van Susteren a bottle of brandy (valued at about $14.00) and a case of champagne (valued at $24.00).

In June, 1974, Doherty entered into negotiations with John W. Meier for the sale of Rabbitt Prints Printing Co., Inc. By early July, Doherty and Meier had reached agreement with respect to the most significant terms of the sale and Meier had his attorney prepare the contract for sale. On July 22, 1974, Meier gave Doherty this contract and at the same time assumed operation of the business. Doherty still had been unable to find an attorney to represent him, and he therefore took the contract drafted by Meier and other notes of his own to Judge Van Susteren. The Judge reviewed this contract and concluded that it was "disorganized, very complicated and poorly written." He then copied the contract in longhand, making, as he called them, only editorial changes. After completing this process, he gave his manuscript, together with the Meier contract and the complainant's notes, to Doherty who then typed from the Judge's manuscript the contract which was ultimately executed by the parties to the sale.

Judge Van Susteren argues that these facts do not support a finding that he violated the code provision prohibiting the practice of law for two reasons. First, he contends that casual editing of a legal document does

not constitute practicing law because no substantive changes in the contracts were made. This contention has no merit. From a comparison of the Meier contract with the handwritten manuscript and the final contract, it cannot be said that the changes made by Judge Van Susteren were not substantive. Sentences appearing in the Meier contract have been deleted from the manuscript and final draft while new sentences have been added. One of the more pronounced alterations made in the contract involved the provision prohibiting competition, which the Judge substantially altered in his "editorial" process.

Moreover, the Judge's argument must be rejected because his characterization of these activities as casual is inappropriate. The Judge was aware of the importance of such a document in setting forth the rights and duties of the parties to the contract, and of the possibility that the document would be considered by another court of law in the event of litigation over its interpretation. Interceding into an affair of this nature is not a matter to be casually done when the one who has sought such aid has reason to believe that his interests will be promoted. Here, the Master made no finding as to the expectations of Doherty in seeking the Judge's aid, but the record as a whole reflects that the Judge should have known that Doherty would rely on any changes in the contract he proposed.

Second, Judge Van Susteren contends that the practice of law prohibited by Rule 4 of the Code must be read to include the element of pecuniary reward or remuneration for such services to constitute a sanctionable violation. He further cites the findings in which the Master concluded that no such remuneration was received by the Judge for these services.

This contention must also be rejected. The Rule does not make as an element of its prohibition a finding that

such services were rendered for financial gain. The Rule states only that a "judge shall not engage in the practice of law."

The Judge contents that the phrase "practice of law" must be interpreted as that phrase is defined in sec. 256.30 (2), Stats., which provides:

"(2) Every person who shall appear as agent, representative or attorney, for or on behalf of any other person, or any firm, copartnership, association or corporation in any action or proceeding in or before any court of record, court commissioner, or judicial tribunal of the United States, or of any state, or who shall otherwise, in or out of court *for compensation or pecuniary reward give professional legal advice not incidental to his usual or ordinary business,* or render any legal service for any other person, or any firm, copartnership, association or corporation, *shall be deemed to be practicing law within the meaning of this section."* (Emphasis supplied.)

However, the purpose of this section is to define "practicing law" so as to determine whether a layman, who has not been admitted to the bar, is engaging in legal activity. So limited, this definition is inapplicable to an interpretation of Rule 4 of the Code of Judicial Ethics.

Nevertheless, a review of the Report to the Supreme Court made by the Committee on Judicial Ethics reveals that the Committee considered various statutory provisions dealing with the meaning of the practice of law. Ultimately, the Committee's only comment to Rule 4 was a reference to sec. 256.22, Stats., which provides in pertinent part:

"Judge not to act as attorney, etc.; . . . (1) *No judge, while holding such office, shall be in any manner engaged or act as attorney or counsel;* and no judge or his clerk or any person employed by him in or about his office, court commissioner or other judicial officer shall be allowed to give advice to parties litigant in any matter or action pending before such judge or officer, or which

he has reason to believe will be brought before him for decision, *or draft or prepare any papers, including wills,* or other proceedings relating to any such matter or action except when expressly authorized by law; . . ." (Emphasis supplied.)

The prohibition against a judge's drafting or preparing legal papers contained in this section is not conditioned on a requirement that an element of financial gain from such services be involved. Because there is no discernable distinction between the exercise of professional knowledge in drafting or preparing a will and the drafting or preparing of a contract for the sale of a business, we think that this section prohibits a judge from performing such tasks even on a gratuitous basis. The same construction is applicable here. To hold that rendering legal services on a gratuitous basis is not a violation would serve to promote the consequences which the code seeks to avoid; the act of giving legal advice will erode the public confidence in the judiciary as effectively without the passage of remuneration as it will with remuneration.

Also, the difficulty of devising guidelines to determine when remuneration or pecuniary reward exists suggests that this element could not be reasonably made a requirement for a violation of Rule 4. If any flow of benefit from the "client" to the judge in question is adopted as the measure of this element, difficulties might exist in the attempt to determine under what circumstances a gift assumes the nature of a reward for services rendered.

We conclude that Rule 4 of Code of Judicial Ethics must be interpreted as not necessitating remuneration of any type, and that the facts and circumstances of this case did establish that Judge Van Susteren was engaged in the practice of law in violation of the Code

of Judicial Ethics. However, we think the imposition of the sanction of censure was not warranted in this case and therefore the sanction is modified to a reprimand.

The decision of the Commission is modified and, as modified is affirmed.

CALLOW, J., took no part.