**BOARD OF OVERSEERS OF THE BAR**

v.

**Charles B. RODWAY, Jr.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1983.

Decided July 1, 1983.

Michael E. Barr (orally), Augusta, for plaintiff.

Richard A. Davis, Portland, Edward G. Hudon (orally), Brunswick, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

ROBERTS, Justice.

By information filed in the Supreme Judicial Court, the Board of Overseers of the Bar charged the respondent Charles B. Rodway, Jr., with conduct prejudicial to the administration of justice in violation of M.Bar R. 3.2(f)(4).[1] The charges resulted from the respondent's failure to comply with M.R.Crim.P. 44(c)[2] by accepting compensation, without first obtaining court approval, from a client he had been appointed to defend. Rodway appeals from an order of "admonition" entered by a single justice of the Supreme Judicial Court. Because we cannot determine whether the single justice accepted the Board's erroneous contention that an admonition is only a warning and not discipline, we remand to the single justice for reconsideration in light of this opinion.

## I.

The Superior Court, Cumberland County, appointed the respondent to represent an indigent criminal defendant. Prior to the disposition of the criminal case, Rodway accepted payment of his fee from the defendant. Rodway did not seek the court's approval pursuant to M.R.Crim.P. 44(c) and he did not inform the court of his client's changed financial circumstances. In the disciplinary hearing, the single justice specifically found that the respondent had no intent to collect from his client and then seek further compensation from the court.

Rodway received an "informal admonition" from Bar Counsel for violation of M.Bar R. 3.2(f)(4) by failing to comply with M.R.Crim.P. 44(c). The respondent then requested a hearing before the Grievance Commission pursuant to M.Bar R. 7(e)(1). Following a hearing, the Commission issued a report. *Grievance Commission of Board of Bar Overseers, Report of Proceedings Re: Charles B. Rodway, Jr.,* No. 81–50, November 2, 1981. In a 2–to–1 decision, a Commission panel determined that the respondent's conduct constituted a violation of M.Bar R. 3.2(f)(4) and concluded that "the admonition ... should stand." The respondent next demanded that an information be filed pursuant to M.Bar R. 7(e)(4) and (e)(6)(A)–(B). Following a hearing *de novo,* a single justice of the Supreme Judicial Court entered a judgment of admonition pursuant to M.Bar R. 7(e)(6)(D) and the respondent filed a timely notice of appeal to the Law Court.

## II.

We first consider three questions concerning the nature of this proceeding before the single justice. Because the formal judicial proceeding was instituted as a result of the respondent's refusal to accept the informal admonition, the Court's function could be viewed as a review of the administrative action of the Board. Indeed, given its conclusion that "the admonition ... should stand," the Grievance Commission apparently perceived its function as one of reviewing Bar Counsel's action. The Maine Bar Rules clearly provide, however, for *de novo* determination by the Grievance

1. M.Bar R. 3.2(f)(4) states that: "A lawyer shall not engage in conduct that is prejudicial to the administration of justice."

2. In pertinent part, M.R.Crim.P. 44(c) states: "Appointed counsel shall under no circumstances accept from the defendant or from anyone else on his behalf any compensation for services or costs of defense, except pursuant to court order."

Commission. M.Bar R. 7(e)(1). We find that the provisions of M.Bar R. 7(e)(4) imply a similar intent. When the Board files an information in response to an attorney's demand, the information proceeds as in all other disciplinary informations.[3]

The second procedural point we decide involves the purpose of the information filed by the Board. A disciplinary information filed pursuant to the Maine Bar Rules is unlike a criminal information. Rather, the disciplinary information is analogous to a civil complaint. For that reason, absent surprise or other prejudice, the single justice may consider more than the specific sections of the Bar Rules cited in the information. The justice will, as he must, judge the conduct of the respondent against the entire Code of Professional Responsibility.[4]

Next we consider the propriety of the single justice entering a judgment of admonition. Unfortunately the Bar Rules are unclear regarding this function of the Court. Although M.Bar R. 2(d)(1) describes only three types of court action—"disbarment, suspension, or public censure," M.Bar R. 7(e)(6)(D) provides in part that "[t]he judgment entered in an attorney discipline action may impose an admonition, a reprimand, public censure, suspension or disbarment. . . ." To resolve any inconsistency, we hold that an admonition is within the Court's prerogative under the Maine Bar Rules.[5]

### III.

The central issue argued on appeal is whether an admonition constitutes discipline. The respondent contends that any violation of the Maine Bar Rules in this case was "too insubstantial" to warrant disciplinary action. Bar Counsel maintains, however, that as "a warning," and "not the imposition of discipline," an admonition was "precisely the appropriate remedy." We hold that an admonition does in fact constitute "discipline" under the Maine Bar Rules. See M.Bar R. 2(d)(3), 7(e)(6)(D).

Informal admonition is among the three categories of "attorney discipline" provided by M.Bar R. 2(d):

Discipline of attorneys may be: (1) by disbarment, suspension, or public censure by the Court; (2) by private reprimand by the Board or by the Grievance Commission; or (3) by informal admonition by the Bar Counsel.

Because "informal admonition" is part of the overall disciplinary scheme of the Bar Rules, attorneys receiving such discipline are afforded the same procedural protections afforded attorneys receiving other types of discipline. These protections include notice, opportunity to demand a hearing before the full Grievance Commission, and, ultimately, a right to demand a hearing before a single justice of the Supreme Judicial Court, as described above. See M.Bar R. 7. Moreover, the ABA Standards for Lawyer Discipline and Disability Proceedings, which are similar to the Maine Bar Rules, include admonition among the forms of "Disposition and Sanctions" available for lawyer discipline. Finally, an informal admonition becomes a part of an attorney's record. Even though the admonition may remain private if the disciplined attorney chooses not to pursue the matter,

---

3. In view of our conclusion that M.Bar R. 7(e)(4) provides for a hearing *de novo* before the single justice, we have no occasion to decide whether constitutional principles would be violated by limiting the single justice to a review of the Board's decision. *See Board of Overseers of the Bar v. Lee,* 422 A.2d 998, 1005 (Me.1980), *appeal dismissed,* 450 U.S. 1036, 101 S.Ct. 1751, 68 L.Ed.2d 233 (1981).

4. We do not suggest that the Code itself exhausts the entire realm of professional responsibility.

5. For the purposes of Rodway's appeal we treat an admonition as the lowest form of discipline. *See* Black's Law Dictionary 45 (rev. 5th ed. 1979). We need not determine on this appeal whether admonition, reprimand, and censure are different forms of discipline in ascending order of severity or the same form of discipline administered at different levels.

the existence of an admonition must be revealed when called for in applications for legal employment, judicial appointment, or bar admission in another jurisdiction. A previous admonition may also be considered in any subsequent disciplinary proceedings brought against the attorney. In short, although the admonition may serve as an early warning to modify behavior, it is, in fact, discipline.

As discipline, therefore, the admonition must be administered with care. Certain conduct, even if it does constitute a violation of the Bar Rules, may be too insubstantial to merit formal discipline. In his own words, Bar Counsel has recognized that the function of discipline "is one of protection of the public first while treating the attorney as a professional to be extended a certain degree of understanding if cooperation and improved performance can be demonstrated." *1982 Annual Report to the Board of Overseers of the Bar* at 5. We note that the Bar Rules permit Bar Counsel to dispose of alleged misconduct by informal adjustment subject to approval by the Grievance Commission. M.Bar R. 5(b)(2). In many instances Bar Counsel's inquiry and advice will sufficiently alert attorneys to avoid undesirable conduct.

Because we conclude that the Board misconstrued the nature of an admonition, and because the record is unclear as to whether that misconstruction may have affected the decision of the single justice, we must, in fairness to the respondent, remand this case to the single justice for reconsideration in light of our opinion. In doing so, however, we deem it appropriate to comment further on the nature of an admonition or reprimand. We think the Bar Rules contemplate that an attorney will be admonished to adhere to specific standards of conduct in the future or reprimanded for engaging in specified past misconduct. In subsequent proceedings we recommend the entry of an admonition or reprimand which describes with specificity the fault for which the discipline is administered and designed to correct.

The entry is:

Judgment vacated.

Remanded to the single justice for reconsideration in light of the opinion herein.