## BOARD OF OVERSEERS OF THE BAR

### v.

### Charles B. RODWAY, Jr.

Supreme Judicial Court of Maine.

Argued Nov. 17, 1983.

Decided Jan. 18, 1984.

Michael E. Barr (orally), Bar Counsel, Augusta, for plaintiff.

Edward G. Hudon (orally), Brunswick, Richard A. Davis, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

This case involves an attorney disciplinary proceeding in which the respondent, Charles B. Rodway, Jr., appeals from a judgment by a single justice of the Maine Supreme Judicial Court pursuant to M. Bar R. 7(e)(6)(D).[1] The respondent had appealed an earlier decision by the single justice, and on that occasion we vacated the judgment and remanded for reconsideration. The single justice reaffirmed his earlier ruling and the case is once again before us on appeal. In light of the unique circumstances surrounding this appeal, we vacate the judgment and dismiss the information.

### I.

The respondent was appointed by the Superior Court, Cumberland County, to represent an indigent defendant in a criminal case. In apparent violation of M.R.Crim.P. 44(c),[2] he charged and received from this client the sum of $300.00 for legal services rendered. He had not informed the court

---

1. M. Bar R. 7(e)(6)(D) states: "The judgment entered in an attorney discipline action may impose an admonition, a reprimand, public censure, suspension or disbarment, or may dismiss the information. Either party may appeal to the Law Court within 10 days from the entry of the judgment of the single justice."

2. M.R.Crim.P. 44(c) states, in relevant part: "Counsel appointed to represent a defendant shall be afforded reasonable compensation for his services and for the costs of the defense . . . . Appointed counsel shall under no circumstances accept from the defendant or from anyone else on his behalf any compensation for services or costs of defense, except pursuant to court order."

of any change in his client's financial circumstances, nor did he obtain an order of court granting leave to accept payment directly from the client. After a complaint had been filed with Bar Counsel, however, the respondent did write to the Superior Court Justice, in an unsuccessful attempt to obtain retroactive approval. At no time did he submit a fee voucher for his services to the State of Maine.

On July 27, 1981, the respondent received an informal admonition from Bar Counsel for conduct deemed to be in violation of M. Bar R. 3.2(f)(4).[3] Exercising his rights under Rule 7(e)(1), he demanded that proceedings be initiated against him before the Grievance Commission. Following a hearing on November 2, 1981, a panel of the Commission voted 2–1 "that the admonition to Mr. Rodway should stand." Subsequently, the respondent demanded that an information be filed pursuant to M. Bar R. 7(e)(4)[4] and 7(e)(6). An information was filed, and on May 21, 1982, a hearing *de novo* was held before a single justice of the Supreme Judicial Court. In an opinion dated May 25, 1982, the single justice "accept[ed] defendant's contention that he was unaware of the requirements of Rule 44(c)," but declared that "ignorance does not excuse noncompliance," and he therefore entered à judgment admonishing the defendant. The respondent filed a timely appeal to the Law Court.

On July 1, 1983, we vacated the judgment and remanded to the single justice for further proceedings, holding, contrary to the position taken before us by the Board of Overseers of the Bar, that an admonition was discipline and not merely a warning, and finding further that we could not determine whether the single justice had relied on the Board's interpretation in rendering his decision. *See Board of Overseers of the Bar v. Rodway*, 461 A.2d 1062 (Me. 1983). On remand, the single justice reaffirmed his earlier opinion and order, noting

that he had not relied upon the Board's contention, but instead, based on the evidence, he had intended to impose discipline by entering an admonition. This appeal followed.

## II.

The Maine Bar Rules were enacted to provide "appropriate standards for attorneys with respect to their practice of the profession of law," and the purpose of a disciplinary proceeding is "not punishment but protection of the public and the courts from attorneys who by their conduct have demonstrated that they are unable, or likely to be unable, to discharge properly their professional duties." M. Bar R. 2(a). In fairness to attorneys who look to them for guidance, the Rules must provide a clear and consistent articulation of what constitutes appropriate professional standards. Disciplinary proceedings for alleged violations must be administered with an even hand. While rules such as M.R.Crim.P. 44(c) are essential to the orderly administration of justice, of equal importance is the fair and consistent treatment of attorneys subject to discipline for violation of those rules.

Under Rule 2(d) of the Maine Bar Rules, "Discipline of attorneys may be: (1) by disbarment, suspension, or public censure by the Court; (2) by private reprimand by the Board or by the Grievance Commission; or (3) by informal admonition by the Bar Counsel." On September 12, 1979, the Board of Overseers of the Bar adopted the following regulation:

*[a]n admonition is to be considered a warning, not the imposition of discipline.* It may be applied in cases of minor misconduct where the violation of a disciplinary rule has been unintentional, and where there has been no pecuniary loss to the client. An admonition shall not be reported in response to inquiries made to

---

3. M. Bar R. 3.2(f)(4) states: "A lawyer shall not . . . engage in conduct that is prejudicial to the administration of justice."

4. Despite such a demand, the Board, in the exercise of its inherent discretion, is free to decide that an information should not be filed.

the Board of Overseers of the Bar as to the good standing of an attorney. However, an admonition may be used in subsequent proceedings in which the respondent has been found guilty of misconduct, as evidence of prior misconduct bearing upon the issuance of the sanction to be imposed in the subsequent proceedings. (Emphasis added). Subsequently, in *Rodway I*, this Court held that "an admonition does . . . constitute 'discipline' under the Maine Bar Rules." 461 A.2d 1064.[5] We observed that

> [b]ecause "informal admonition" is part of the overall disciplinary scheme of the Bar Rules, attorneys receiving such discipline are afforded the same procedural protections afforded attorneys receiving other types of discipline. These protections include notice, opportunity to demand a hearing before the full Grievance Commission, and, ultimately, a right to demand a hearing before a single justice of the Supreme Judicial Court. . . . Moreover, the ABA Standards for Lawyer Discipline and Disability Proceedings, which are similar to the Maine Bar Rules, include admonition among the forms of "Disposition and Sanctions" available for lawyer discipline. Finally, an informal admonition becomes a part of an attorney's record. Even though the admonition may remain private if the disciplined attorney chooses not to pursue the matter, the existence of an admonition must be revealed when called for in applications for legal employment, judicial appointment, or bar admission in another jurisdiction. A previous admonition may also be considered in any subsequent disciplinary proceedings brought against the attorney. In short, although the admonition may serve as an early warning to modify behavior, it is, in fact, discipline.

*Id.* at 1064–65.

In light of *Rodway I*, the Board of Overseers of the Bar, on September 14, 1983, adopted a regulation substituting "[a]n adjustment by informal conference" for the old admonition-as-warning. In addition, the Board expunged all admonitions issued prior to September 14, 1983, on the grounds that, in issuing those admonitions, the Board had mistakenly believed it was issuing warnings rather than imposing discipline. However, in expunging previous admonitions, the Board decided that "[t]his regulation shall not be applicable to any attorney to whom an admonition has issued, and who shall have, or who shall hereafter, appeal the issuance of such admonition." The anomalous result of this order is this respondent, because he exercised his right of appeal, runs the risk of having a permanent blemish on his record, whereas, had he done nothing, and merely accepted the initial issuance of an admonition, all traces of the admonition would have been expunged. This result is made even more anomalous by the fact that the expungment of all other outstanding admonitions resulted from his own efforts in appealing. Such a result, if permitted to stand, would inject an element of caprice and uncertainty into bar disciplinary procedures that rends the very fabric of the Rules. An individual attorney against whom an information has been filed should not be penalized for exercising a right guaranteed to him under the Rules. In these special circumstances, we deem it appropriate to vacate the judgment and dismiss the information.

The entry is:

Judgment vacated.

Information dismissed.

All concurring.

---

**5.** Neither we nor the respondent were aware of the September, 1979, *regulation* at the time Rodway I was before us.