### In re INQUIRY CONCERNING A JUDGE.

### No. S–2529.

Supreme Court of Alaska.

Oct. 21, 1988.

As Amended on Grant of Rehearing Nov. 30, 1988.

George N. Hayes, Jill E. Mickelsen, Delaney, Wiles, Hayes, Reitman & Brubaker, Inc., Anchorage, for appellant.

Arden E. Page, Burr, Pease & Kurtz, Anchorage, for appellee Alaska Com'n on Judicial Conduct.

Before MATTHEWS, C.J., and BURKE and COMPTON, JJ.

OPINION

COMPTON, Justice.

This case presents the question of whether the Alaska Commission on Judicial Conduct (the Commission) acted within the authority given to it by the Alaska Constitution in publicly reprimanding a judge.

In 1986 Appellant[1] was served with a formal complaint regarding actions by Appellant in a judicial capacity that arose out of events which occurred in 1985. Appellant contested the complaint, and a hearing was conducted before the Commission.

The Commission concluded that there was insufficient evidence to support a finding of an actual impropriety committed by Appellant. However, the Commission determined that Appellant had failed to avoid conduct that created an appearance of impropriety. The Commission concluded that Appellant's conduct was prejudicial to the administration of justice and brought the judicial office into disrepute, in violation of AS 22.30.011(a)(3)(C) and (D). The Commission further concluded that Appellant had violated Canons 1 and 2(A) of the Code of Judicial Conduct and AS 22.30.011(a)(3)(E).

In furtherance of its conclusions, the Commission determined that the appropriate sanction was a public reprimand of Appellant by the Commission, pursuant to AS 22.30.011(d)(3). It so ordered.

Appellant appealed the Commission's determination to this court. This court *sua sponte* ordered the parties to brief whether AS 22.30.011(d)(3), which grants the Commission the power to issue public reprimands, conflicts with article IV, § 10 of the Alaska Constitution. It also ordered all further proceedings stayed pending its decision.[2]

The sole issue before this court is the constitutionality of the statute empowering the Commission to publicly reprimand a judge. This issue is a matter of constitutional and statutory interpretation in which the appropriate standard of review is this court's independent judgment. *See Borkowski v. Snowden*, 665 P.2d 22, 25 (Alaska 1983).

Article IV, section 10 of the Alaska Constitution provides for a Commission on Judicial Conduct. The section states in part:

> In addition to being subject to impeachment under section 12 of this article, a justice or judge may be disqualified from acting as such and may be suspended, removed from office, retired, or censured by the supreme court upon the recommendation of the commission. The powers and duties of the commission and the bases for judicial disqualification shall be established by law.

Alaska Const. art. IV, § 10. This section was added by amendment in 1968. It was based on a 1966 revision of the judicial article of the California Constitution. *In re Robson*, 500 P.2d 657, 658 n. 1 (Alaska 1972).

Under authority of this section the Alaska legislature passed AS 22.30.010–.080. These statutory sections delineate the membership, powers and duties, and procedures of the Commission. Among the powers granted the Commission are the following:

> The commission may, after a hearing . . . .,
>
> (1) exonerate the judge of the charges;
>
> (2) informally and privately admonish the judge or recommend counseling;
>
> (3) reprimand the judge publicly or privately;
>
> (4) refer the matter to the supreme court with a recommendation that the judge be suspended, removed, or retired from office or publicly or privately censured by the supreme court.

AS 22.30.011(d). This section was adopted in 1981. Subsection (2) was added by amendment in 1987.

---

**1.** This court has ordered that the identity of the judge be protected. Therefore, the judge is referred to throughout this opinion as the "Appellant."

**2.** The facts are those agreed upon by the parties.

This court has had limited opportunities to review the functions of the Commission. We first discussed the Commission's powers in *In re Robson*. There we wrote:

Concerning the subject of sanctions article IV, section 10 of the Alaska Constitution, and AS 22.30.070(c)(2), provide that upon recommendation of the commission the Supreme Court of Alaska may suspend, remove, retire or censure a judge. Under this discretionary grant, our review of a particular recommendation by the commission is necessarily broader than the substantial evidence criterion adopted for review of findings of fact made by the commission. Normally considerable weight will be accorded to a given recommendation from the commission, if supported by an adequate factual basis. Nevertheless, both article IV, section 10 of the constitution and AS 22.30.070(c)(2) clearly establish that the Supreme Court of Alaska is to exercise its independent judgment in determining an appropriate sanction, if any, as to any recommendation made by the commission. It would be tantamount to an abdication of our constitutional and statutory obligations if we were to automatically adopt the commission's sanction recommendations. In every case of this character we must insure that procedural due process has been accorded the judicial officer proceeded against and that requisite findings of fact have been made and are supported by substantial evidence. We are further obligated to decide whether the commission's recommended sanction is justified by the record and is in accord with the objectives of the commission as reflected in the relevant constitutional and statutory provisions.

*Robson*, 500 P.2d at 659–60, *quoted in In re Hanson*, 532 P.2d 303, 315–16 (Alaska 1975).

In *Hanson*, we further observed that "article IV, section 10 of the Alaska Constitution lodges in the Supreme Court of Alaska the exclusive adjudicatory power to suspend, remove from office, retire, or censure a justice or judge in the Alaska Court System." 532 P.2d at 307. Later in the opinion we concluded that our role required us to review independently the evidence supporting the Commission's recommendation:

Article IV, section 10 of the Alaska Constitution and AS 22.30.070(c) unambiguously establish the Supreme Court of Alaska as the body entrusted with the ultimate dispositive decision in a judicial qualifications matter. In light of this constitutional grant and adopting the reasoning of [*Geiler v. Commission on Judicial Qualifications*, 10 Cal.3d 270, 110 Cal.Rptr. 201, 515 P.2d 1 (1973)], we conclude that this court's scope of review in a judicial qualifications proceeding should be that of an independent evaluation of the evidence.

532 P.2d at 309.

The Commission argues that in spite of this court's "unambiguous" role in deciding questions of judicial qualifications, it may issue public reprimands regarding the conduct of a judge. The Commission sets forth two rationale in support of this argument: (1) article IV, section 10 authorizes the legislature to give the Commission the power to impose lesser sanctions than those reserved to the Supreme Court. Subparts of this argument are that the legislature intended a reprimand to be a lesser sanction and that by law it is a lesser sanction; [3] (2) the Alaska system is consist-

**3.** That the legislature intended reprimand to be a lesser sanction than those reserved to the Supreme Court in article IV, section 10 seems to be supported by the little legislative history that exists. Bruce Campbell, Chairman of the Commission on Judicial Qualification explained the bill to the Senate Judiciary Committee saying:

We are looking for a lesser response than going for censorship by the Supreme Court. That is a very heavy response to make on a judge for a minor transgression.

Whether the legislature attained its goal is another matter. As the Appellant points out, Black's Law Dictionary defines both "censure" and "reprimand" by using the other word. *See* Black's Law Dictionary 203, 1170 (rev. 5th ed. 1979). Webster's 3d New International Dictionary lists "censure" as a synonym for reprimand. In view of our resolution of the underlying issue, we do not address this question.

ent with the judicial discipline systems of other states and appeals to common sense.

The threshold question underlying the Commission's arguments is whether the Commission constitutionally may impose any sanction at all on a judge. To answer this question it is helpful to compare the system of discipline established by the Alaska Constitution and AS 22.30.010–.080 with that of other states. What can be seen by this comparison is that the Alaska *statute* is similar to other states' *constitutions*, but that the Alaska Constitution is more limited than either the Alaska statute or other states' constitutions.

As observed *supra*, the Alaska system was originally derived from California. The California Constitution allows the Commission on Judicial Performance (the California Commission) to do two things: (1) *recommend* suspension, retirement, censure or removal to the supreme court, Cal. Const. art. 6, § 18(b) and (c), or (2) *on its own authority* privately admonish a judge, subject to supreme court review. Cal. Const. art. 6, § 18(c) (added by amendment, 1976). The California Supreme Court has strictly construed the options of the California Commission. In *Geiler v. Commission on Judicial Qualifications*, 10 Cal. 3d 270, 110 Cal.Rptr. 201, 203 n. 5, 515 P.2d 1, 3 n. 5 (1973) *cert. denied*, 417 U.S. 932, 94 S.Ct. 2643, 41 L.Ed.2d 235 (1974), the California Supreme Court noted that "a recommendation of censure or removal . . . is not self-effectuating." Then, in *Mosk v. Superior Court*, 25 Cal.3d 474, 159 Cal. Rptr. 494, 601 P.2d 1030 (1979), where the California Commission tried to hold public hearings, the California Court wrote:

The question of confidentiality of proceedings before the Commission on Judicial Performance must be considered in light of the Commission's history and the limited scope of its constitutional authority. It was, as previously noted, created by constitutional amendment in November 1960. (See Cal.Const., art. VI, § 8.) It has authority to investigate complaints of judicial misconduct, a judge's failure or inability to perform the duties of a judge, and other conduct prejudicial to the administration of justice. The Commission does not have the authority to investigate a "court." Its inquiry must be limited to misconduct or disability of an individual judge. The Commission has authority to conduct hearings, make findings of fact (see Gov.Code, §§ 68750–68755; Cal. Rules of Court, rules 901–922), and recommend to the Supreme Court that a given judge be censured or removed or retired from the court. (Cal. Const., art. VI, § 18, subd. (c)). *The Commission may privately admonish a judge for improper action or a dereliction of duty, but it has no power to censure, remove, retire or otherwise discipline a judge. It can only make certain recommendations to the Supreme Court, which then reviews the evidence and makes its own findings. (Geiler v. Commission on Judicial Qualifications (1973) 10 Cal.3d 270, 276, 110 Cal.Rptr. 201, 515 P.2d 1; Spruance v. Commission on Judicial Qualifications (1975) 13 Cal.3d 778, 119 Cal.Rptr. 841, 532 P.2d 1209.)*

*Mosk*, 159 Cal.Rptr. at 504–505, 601 P.2d at 1040–41 (footnotes omitted, emphasis added).

Consistent with a strict reading of the powers of the California Commission, California statutes do not provide for sanctions in addition to those provided for constitutionally. The California statutes merely empower the California Commission to employ experts and counsel, pay its expenses, serve process and conduct hearings at which testimony may be taken under oath and witnesses may be compelled to attend and testify. *See* Cal.Gov.Code §§ 68701–68755 (West 1976 and Supp.1988). In other states too, where the power to sanction is reserved to the Supreme Court, that reservation is respected. *See, e.g., In re Neely*, 364 S.E.2d 250, 251 (W.Va.1987); *In re Voorhees*, 739 S.W.2d 178, 181 (Mo.1987); *Small v. Guste*, 383 So.2d 1011, 1013–14 (La.1980); *West Virginia Judicial Inquiry Commission v. Dostert*, 165 W.Va. 233, 271 S.E.2d 427, 428 (1980). *But see In re Van Susteren*, 82 Wis.2d 307, 262 N.W.2d 133, 135 (1978) (Commission took action; Wis. Const. art. 7, § 11 provides in part: "Each judge or justice shall be subject to reprimand, censure, suspension, removal

for cause or for disability, by the Supreme Court pursuant to procedures established by the legislature by law.").

The reasons for guarding the power to sanction were expressed by the Missouri Supreme Court in *Voorhees:*

> Any discipline of a judge, even a reprimand, is a serious matter, and should be imposed only for substantial reasons and with all due process rights preserved. A reprimand is a public denunciation which permanently scars the judge's record. *Cf. Zauderer v. Office of Disciplinary Counsel,* 471 U.S. 626, 636–37, 105 S.Ct. 2265, 2274, 85 L.Ed.2d 652 (1985). It is not a minor matter and should not be lightly imposed. While complaints of violation of the constitutional standards should be thoroughly investigated when complaint is made, zealously prosecuted when possible cause is shown, and punished by appropriate sanctions when proved, judges should not be held up to public censure on account of good faith exercise of judgment. Our system provides other means of correction for erroneous decisions.

739 S.W.2d at 180. *Compare, Board of Overseers of the Bar v. Rodway,* 461 A.2d 1062, 1064 (Me.1983) (admonition was a form of discipline and therefore judge receiving admonition was due the same procedural protection as judges receiving other forms of discipline), *appeal after remand,* 470 A.2d 790 (Me.1984).

Some states' constitutions grant their respective judicial review commissions the power to admonish or censure judges. *See, e.g.,* N.Y.Const. art. 6, § 22(a) ("The commission on judicial conduct ... may determine that a judge or justice be admonished, censured or removed from office for cause....."); Texas Const. art. 5, § 1–a(8) ("the commission may in its discretion issue a private or public admonition, warning, reprimand, or requirement that the person obtain additional training or education.").

However, the question before the court is not, as the Commission argues, whether the powers granted the Commission by AS 22.30.011 appeal to common sense. Instead, the question is whether the powers are constitutional. In New York and Texas, the state constitution expressly provides that the commission on judicial conduct may act on its own authority. Alaska's constitution contains no such express provision.

This court has held that on review of the Commission's findings the court must "exercise its independent judgment in determining an appropriate sanction." *Robson,* 500 P.2d at 660. Furthermore, this court has said that failure to exercise its independent judgment "would be tantamount to an abdication of our constitutional and statutory obligations." *Id.*[4] Given this court's strict interpretation of its role, and the apparent agreement of other courts that the powers of a judicial disciplinary commission should be limited to those constitutionally granted, we conclude that granting the Commission the authority to impose sanctions is not permitted by article IV, section 10 of the Alaska Constitution.

Because article IV, section 10 of the Alaska Constitution only empowers the Alaska Commission on Judicial Conduct to recommend sanctions to the Alaska Supreme Court, AS 22.30.011(d)(3) is in conflict therewith.[5] The Commission was without authority to impose any self-effectuating sanction on the Appellant.

The determination of the Alaska Commission on Judicial Conduct to impose the sanction of public reprimand on the Appellant is hereby reversed. The matter is remanded to the Commission for a redetermination of the sanction, if any, to be imposed upon the Appellant, in light of the decision regarding the authority of the Commission contained in this opinion. Jurisdiction is not retained.

RABINOWITZ and MOORE, JJ., not participating.

---

**4.** The Commission argues that because a judge may appeal its decision to reprimand, AS 22.30.011(d)(3) does not deprive this court of its ultimate authority to discipline judges. However, the language of both *Robson* and *Hanson* indicates that article IV, § 10 of the Alaska Constitu-

tion requires this court to independently determine the sanction in each case.

**5.** Neither party has raised, nor do we address, the constitutionality of AS 22.30.011(d)(2).